IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                         )
ALICE PEAK                               )
1397 Congress St. SE, Apt. 4             )
Washington, DC  20032,                   )
                        Plaintiff,       )
                                         )
v.                                       )
                                         )
DISTRICT OF COLUMBIA                     )
One Judiciary Square                     )
441 Fourth Street, NW                    )
Washington, DC  20001,                   )
                        Defendant.       )
_____)
```

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Alice Peak, on behalf of her minor ward M.P. and through undersigned counsel, for her complaint herein alleges as follows:

### INTRODUCTION

1. This is a claim for injunctive relief and a declaratory judgment brought under the federal Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1461 and under 42 U.S.C. § 1983. The Plaintiff seeks an injunction ordering the District of Columbia Public Schools to fund M.P.'s placement at and transportation to Rock Creek Academy and to provide M.P. with compensatory education for their failure to provide an appropriate placement earlier.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, in that the action arises under the laws of the United States. This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b)(1) and (2).

3. The Plaintiff has participated in an impartial administrative hearing conducted by the District of Columbia Public Schools State Enforcement and Investigation Division. The Hearing Officer issued a decision on February 24, 2006. The Hearing Officer, in his words, "declined to conduct a hearing," and ordered that the administrative complaint be joined with another administrative complaint, to be heard at a later time.

## PARTIES

4. Alice Peak is the adult grandmother and guardian of M.P., a nine-year-old boy born on December 23, 1996. Ms. Peak and M.P. reside together in Washington, DC.

5. The District of Columbia is a municipality that receives federal financial assistance in exchange for providing special education and related services to children with disabilities.

## FACTS

6. The District of Columbia Public Schools ("DCPS") is an agency of the District of Columbia.

7. Malcolm X Elementary School ("Malcolm X") is a DCPS school.

8. M.P. first began attending Malcolm X in pre-kindergarten.

9. M.P., who is now in the fourth grade, is still attending Malcolm X.

10. M.P.'s academic and behavioral problems in school have been documented in school records since April 2003 at the latest.

11. DCPS performed no evaluations of M.P. until 2004.

12. A psychoeducational evaluation completed in July 2004 recommended that M.P. be referred for an occupational therapy evaluation.

13. DCPS did not perform an occupational therapy evaluation of M.P. until December 2005.

14. A social history completed in July 2004 recommended that M.P. receive socio-emotional counseling.

15. DCPS did not prescribe counseling as part of M.P.'s Individualized Education Program ("IEP") until November 2005.

16. Following the end of the 2003-2004 school year, DCPS promoted M.P. to the third grade though he could not read.

17. From 2003 through the present, M.P. has exhibited severe and chronic behavioral problems that have substantially interfered with his ability to access the curriculum at Malcolm X.

18. On November 7, 2005, DCPS convened a Multi-Disciplinary Team ("MDT") meeting to review and revise M.P.'s IEP.

19. At the November 7, 2005 meeting, the MDT discussed M.P.'s severe emotional instability, evidenced by "yelling, screaming . . . physical fights, pushing and kicking chairs [and] books" and "homicidal and suicidal thoughts."

20. At the November 7, 2005 meeting, the MDT determined that M.P. needed a full-time, therapeutic special education placement.

21. DCPS did not determine or propose a school placement for M.P. at the November 7, 2005 meeting.

22. On December 22, 2005, DCPS convened a meeting to discuss M.P.'s needs.

23. DCPS did not determine or propose a placement for M.P. at the December 22, 2005 meeting.

24. On January 17, 2006, DCPS convened an MDT meeting to review and revise M.P.'s IEP and to determine an appropriate placement for him.

25. At the January 17, 2006 meeting, the MDT again determined that M.P. needed a full-time, therapeutic special education placement.

26. DCPS did not determine or propose a placement for M.P. at the January 17, 2006 meeting.

27. On February 24, 2006, DCPS convened a meeting to discuss M.P.'s needs.

28. DCPS did not determine or propose a placement for M.P. at the February 24, 2006 meeting.

29. M.P. needs a full-time, therapeutic special education placement.

30. M.P. has needed a full-time therapeutic special education placement for years.

31. At the January 17, 2006 meeting, DCPS continued M.P.'s placement at Malcolm X over the Plaintiff's objection.

32. Malcolm X is not a full-time, therapeutic special education placement.

33. M.P.'s current IEP cannot be implemented as written at Malcolm X.

34. Malcolm X has never been an appropriate placement for M.P.

35. At the January 17, 2006 meeting, the Plaintiff's representative suggested Rock Creek Academy ("RCA") as a school placement for M.P. DCPS refused to discuss the possibility of RCA as a school placement.

36. RCA, a private special education school, has agreed to accept M.P. if DCPS funds his placement there.

37. RCA is a full-time, therapeutic special education placement.

38. RCA is an appropriate school placement for M.P.

**COUNT I: FAILURE TO PROVIDE FREE APPROPRIATE PUBLIC EDUCATION**

39. The allegations of Paragraphs 1-38 above are incorporated herein as if repeated verbatim.

40. The Individuals with Disabilities Education Act ("IDEA") requires the Defendant to provide all children with disabilities in its jurisdiction free appropriate public education ("FAPE").

41. DCPS's failure to provide M.P. with an appropriate educational placement has denied and continues to deny M.P. his right to a FAPE under the IDEA.

42. As a result of this violation, M.P. has experienced and continues to experience harm to his educational development.

### COUNT II: FAILURE TO PROVIDE AN ADMINISTRATIVE HEARING

43. The allegations of Paragraphs 1-42 above are incorporated herein as if repeated verbatim.

44. 20 U.S.C. § 1415(f)(1)(A) requires that once a due process complaint has been filed, "the parents or the local educational agency involved in such complaint shall have an opportunity for an impartial due process hearing, which shall be conducted by the State educational agency or by the local educational agency."

45. 20 U.S.C. § 1415(f)(1)(B)(ii) requires the Defendant to provide a hearing regarding any complaint filed under the IDEA within "applicable timelines" if it does not resolve the complaint within 30 days of receipt of the complaint.

46. District of Columbia regulations, at D.C. Mun. Regs. tit. 5 § 3030.1, require that a hearing be held and a decision issued within 45 days after the end of the 30-day resolution period referred to in 20 U.S.C. § 1415(f)(1)(B)(ii).

47. Federal regulations interpreting the IDEA, at 34 C.F.R. § 300.511, which have not been amended since the IDEA was amended to add the 30-day resolution period, require that a decision following a hearing be issued within 45 days of receipt of the request for a hearing.

48.     DCPS has failed to provide the Plaintiff a hearing on the December 8, 2005 complaint within 45 days of the 30-day resolution period, in violation of 20 U.S.C. § 1415(f)(1)(B)(ii).

49.     As a result of this violation, M.P. has experienced and continues to experience harm to his educational development.

WHEREFORE, the Plaintiff respectfully requests that this Court:

1) issue an injunction ordering DCPS to fund and place M.P. at Rock Creek Academy with transportation and to develop and implement an appropriate plan of compensatory education for DCPS' failure to provide an appropriate placement earlier;

2) award the Plaintiff attorneys' fees and costs of this action;

3) award any other relief the Court deems just.

Respectfully submitted,

_____
Douglas Tyrka, #467500
2807 27th St., NW
Washington, DC  20008
p. (202) 332-0038
f. (202) 332-0039