BY: HP LASERJET 3150;                3019514248;

08/30/2005  14:29    2024425556           STUDENT HEARINGS OFF            PAGE  02/06

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
ENFORCEMENT AND INVESTIGATION DIVISION

SPECIAL EDUCATION DUE PROCESS HEARING

CONFIDENTIAL

HEARING OFFICER'S DETERMINATION

STUDENT: Michael Peak         DATE OF BIRTH: 12/23/96

ADDRESS: 1397 Congress St., S.E.
Washington, D.C.

PRESENT SCHOOL ATTENDING: Malcolm X
HOME SCHOOL: Malcolm X

DATE OF HEARING: August 23, 2005

TESTIFIED AT THE HEARING:

| | |
|---|---|
| Alice Peak | Grandmother |
| Taiya Gregory* | Special Education Coordinator, Malcolm X |
| Karen Plowden* | Director, Rock Creek Academy |
| Carolyn Houck* | Attorney for Student |
| (* Testified by telephone) | |

Student's Representative: Douglas Tyrka, Esq.
Address: 5505 Connecticut Ave., N.W.
Washington, D.C. 20015
FAX: 301-951-4248

School System's Representative: Tiffany Puckett, Esq.
Address: 825 N. Capitol Street, N.E., Washington, D.C. 20002

**INTRODUCTION:**

A hearing was held at the District of Columbia Public Schools (DCPS), 825 N. Capitol Street, N.E., Washington, D.C. 20002, on August 23, 2005, at the request of Carolyn Houck, counsel for the grandparent/legal guardian and the student. Tiffany Puckett represented DCPS, the other party to this hearing.

**JURISDICTION:**

The hearing was held and this decision was written pursuant to the Individuals with Disabilities Education Act (IDEA) (P.L. 101-476), reauthorized as the IDEA Improvement Act of 1997 (P.L. 105-17) 20 U.S.C. 1400 Et. seq.; and their current regulations, specifically the Code of Federal Regulations at 34 CFR Part 300; further reauthorized as the IDEA Improvement Act of 2004 (P.L. 108-446) and District of Columbia Municipal Regulations, Chapter 30, Education Handicapped, Title V, Sections 3000-3099.

**ISSUE:**

1. Did DCPS deny a Free Appropriate Public Education (FAPE) to the student by failing to develop an appropriate IEP and implement that IEP?

2. Did DCPS fail to propose an appropriate placement for the student?

**DOCUMENTS SUBMITTED BY DCPS:**

**DCPS-1-DCPS-2**

**DOCUMENTS SUBMITTED BY STUDENT:**

**MP-1-MP-10**

**FINDINGS OF FACT:**

1. The student is a nine-year-old male student who has been found eligible for special education services by DCPS as a student with the disability classification of a learning disability (LD). (MP-6 & 8)

2. At a January 25th 2005 MDT meeting held at Malcolm X School, an IEP was developed for the student that provided for 15 hours of specialized instruction and one hour of speech therapy. The grandmother/guardian participated in the MDT meeting and signed that she agreed with the contents of the IEP. The grandmother reported in the MDT Meeting

2

      Notes that she saw "overall improvement in Michael's school performance". The special education teacher reported in the MDT Notes: "Michael is beginning to show some signs of improvement. He has mastered some of the short-term objectives. Of late, Michael has not been running out of the classroom." The speech pathologist reported: "Michael has made some progress with regards to vocabulary development. He continues to struggle with expressing himself verbally and processing lengthy information. Therapy will continue to address the above stated deficits." The general education teacher reported: "Michael is unable to do 3rd grade work but he is able to do below grade level reading and math. He says he doesn't understand the 3rd grade social studies. His behavior has improved." (MP-8) The special education coordinator testified that he is doing pretty well and showed a level of improvement on his Stanford Nine test scores. She further testified that both the special education teacher and regular teacher felt he was making progress. The grandparent also stated he is making overall improvement. (Testimony of Ms. Gregory) The grandmother acknowledged that she stated the student is making overall improvement at the above January MDT meeting. (Testimony of Ms. Peak)

3. Ms. Gregory testified that the grandmother who lives across the street from the school and visits the school often did not indicate to her problems with Michael.

4. Upon receiving a letter from counsel for the grandmother, the special education coordinator sent on June 10th 2005, a Letter of Invitation to an MDT meeting on three possible dates to both the grandparent and counsel for the student, Ms. Houck. Ms. Gregory faxed the Letter of Invitation to counsel for the student Ms. Houck (DCPS-1) Ms. Gregory also faxed with the Letter of Invitation a letter to Ms. Houck stating: "I am writing to schedule a multidisciplinary team meeting for Michael Peak. I have spoken to the grandmother/guardian, Alice Peak who stated that she is available on June 20, 2005 at 9:30 a.m. I am attaching a letter of invitation with several dates. If I do not hear from you by June 15, 2005, I will confirm your attendance for June 20, 2005 at 9:30 a.m. Please feel free to contact me on 202-645-3409." (DCPS-2) Ms. Gregory received a fax confirmation that both the Letter of Invitation and the above letter were successfully transmitted. (DCPS-2) Ms. Gregory also called the lawyer's officer on June 10th leaving a message of scheduling of an MDT meeting to discuss concerns.

5. On June 20th at 9:30 a.m., the grandmother showed up for the MDT meeting and the MDT team was ready to convene the meeting, but counsel for the grandparent did not appear. Ms. Gregory received a telephone call from Ms.Houck at that time stating that she was not participating in the meeting and did not want it to go forward. Ms. Houck did not state a

3

reason why she could not attend. Ms. Gregory has a very clear memory of that telephone conversation especially because it was not pleasant, but Ms. Houck, counsel for the grandparent could not recall the conversation nor does she recall what happened on June 20th 2005. Ms. Houck testified that she had no record of receiving the Letter of Invitation or Ms. Gregory's letter to her. Ms. Houck also testified that she did not contact Malcolm X to set up a meeting to discuss concerns regarding the student before filing her hearing request. This hearing officer finds that the DCPS documents and testimony of Ms. Gregory show that Ms. Gregory did fax a Letter of Invitation and letter to counsel for the grandparent and these documents were successfully transmitted to counsel for the grandparent's office. This hearing officer finds the detailed testimony of Ms. Gregory regarding the scheduling of the MDT meeting and the events of June 20th more believable and credible than Ms. Houck who could not recall the June 20th conversation at all or any events of June 20th.

6. The student has been accepted at the Rock Creek Academy. The student will be in a self-contained classroom with a maximum of six students. There are currently four students scheduled for that class with this student. The teacher is certified in special education. Related services providers are on staff to provide counseling and speech therapy. (Testimony of Ms. Plowden)

### DISCUSSION AND CONCLUSIONS OF LAW:

The above Findings of Fact set out efforts of DCPS to convene an MDT meeting to discuss any concerns of the grandparent, but counsel for the grandparent frustrated that process through non-responsiveness and non-cooperation. This hearing officer has found as a fact that counsel for the grandparent received on June 10th 2005 from DCPS a Letter of Invitation and a letter to an MDT meeting followed up on June 10th with a telephone call about the scheduling of the MDT meeting. This hearing officer finds it significant that counsel for the grandparent called on June 20th at the very time of the scheduled MDT meeting to tell the special education coordinator that she would not attend and that the meeting should not go forward. Ms. Houck also testified that she did not contact DCPS to discuss any concerns before filing her hearing request. This fact pattern is similar to the facts in *Lesesme v. D.C.* (Civil Action No. 04-0620, July 26th 2005). Federal District Judge Kollar-Kotelly recently ruled in that case: "Plaintiff- spurred on by a quest for attorney's fees- was actively avoiding that meeting and postponing any progress until an Administrative Hearing on the matter...Holding out for a hearing where an administrative officer may order an IEP/MDT meeting when the invitation to such a meeting has already been sent further delays the process." As the Fourth Circuit Court of Appeals held in *Combs v. School Bd. of Rockingham County*, 15 F. 3d 357, 364 (1994); "[T]he school district should have been given notice and the opportunity to rectify the situation before Combs brought an administrative action and subsequent lawsuit." U.S. District Judge Messite in *Sanger v. Montgomery County Board of Education*, 916 F. Supp. 518 (U.S.D.C. MD. 1996) relied on *Combs* and stated:

4

08/30/2005 14:29  2024425556                            STUDENT HEARINGS OFF                    PAGE 15/15
                                                                                                      PAGE 06/06

"The Sangers' efforts to jump directly to a due process hearing in March, 1992, rather than engage in a CARD meeting, is especially troubling because such an approach has the effect of short-circuiting the educational review process." This hearing officer finds that counsel for the parent engaged in the same type of troubling conduct of holding out for a hearing instead of going through the MDT educational review process that the above federal courts found further delays the educational process to the detriment of the student and fails to give the school district an opportunity to rectify the situation.

It is hereby **ORDERED** that:

**Counsel for the grandparent's request for relief is DENIED and the case is DISMISSED.**

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

Seymour DuBow, Esq.
Impartial Hearing Officer           Date filed: August 30, 2005

Date Issued: 08-30-05

5