IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALICE PEAK )
1397 Congress St. SE, Apt. 4 )
Washington, DC 20032, )
         Plaintiff, )

v.

DISTRICT OF COLUMBIA
One Judiciary Square
441 Fourth Street, NW
Washington, DC 20001,
         Defendant.

CASE NUMBER  1:05CV01912

JUDGE: John Garrett Penn

DECK TYPE: Administrative Agency Review

DATE STAMP: 09/28/2005

### COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Alice Peak, on behalf of her minor ward M.P. and through undersigned counsel, for her complaint herein alleges as follows:

### INTRODUCTION

1. This is a claim for injunctive relief brought under the federal Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1461, as that law existed prior to July 1, 2005. The Plaintiff seeks an injunction ordering the District of Columbia Public Schools to fund M.P.'s placement at Rock Creek Academy for the current school year, 2005-2006, to fund independent evaluations of M.P., to revise M.P.'s Individualized Education Program and to provide M.P. with compensatory education for several year's worth of deficiencies in his specialized education instruction.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, in that the action arises under the laws of the United States. This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b)(1) and (2).

1

3. The Plaintiff has participated in an impartial administrative hearing conducted by the DCPS Office of Management Services. The Hearing Officer specifically denied Plaintiff's claims for relief.

### PARTIES

4. Alice Peak is the adult grandmother and guardian of R.P., a nine-year-old boy born on December 23, 1996. Ms. Peak and M.P. reside together in Washington, DC.

5. The District of Columbia is a municipality that receives federal financial assistance in exchange for providing special education and related services to children with disabilities.

### FACTS

6. The District of Columbia Public Schools ("DCPS") is an agency of the District of Columbia.

7. M.P. first began attending Malcolm X Elementary School ("Malcolm X") in pre-kindergarten.

8. M.P., who is now a fourth-grader, is still attending Malcolm X.

9. On February 5, 2004, DCPS initially referred M.P. for evaluation of his eligibility for special education and related services.

10. On August 12, 2004, DCPS developed an initial Individualized Education Program ("IEP") for M.P.

11. The initial IEP classified M.P. as a child with a learning disability and recommended that M.P. receive fifteen (15) hours per week of specialized instruction and one (1) hour per week of speech and language therapy.

12. On January 25, 2005, DCPS reviewed and revised this initial IEP.

13. The revised IEP did not modify any of the relevant provisions of M.P.'s initial IEP.

2

14. M.P. requires a clinical evaluation.

15. M.P. requires an occupational therapy evaluation.

16. DCPS has never performed a clinical evaluation or an occupational therapy evaluation of M.P..

17. DCPS performed a speech and language evaluation of M.P. on July 14, 2004.

18. This speech and language evaluation is inadequate

19. DCPS performed a social history evaluation of M.P. on July 26, 2004.

20. This social history evaluation is inadequate.

21. DCPS has never developed an appropriate IEP for M.P..

22. DCPS cannot develop an appropriate IEP for M.P. until adequate clinical, occupational therapy, speech and language and social history evaluations are completed.

23. M.P.'s current IEP cannot be implemented as written at Malcolm X.

24. Malcolm X has never been an appropriate placement for M.P..

## COUNT I: FAILURE TO PROVIDE FREE APPROPRIATE PUBLIC EDUCATION

25. The allegations of Paragraphs 1-24 above are incorporated herein as if repeated verbatim.

26. The Individuals with Disabilities Education Act ("IDEA") requires the Defendant to provide all children with disabilities in their jurisdiction free appropriate public education ("FAPE").

27. DCPS's failure to develop an appropriate IEP for M.P. and to provide him with an appropriate educational placement has denied and continues to deny M.P. his right to a FAPE under the IDEA.

28. As a result of this violation, M.P. has experienced and continues to experience harm to his educational development.

### COUNT II: FAILURE TO EVALUATE IN ALL AREAS OF SUSPECTED DISABILITY

29. The allegations of Paragraphs 1-28 above are incorporated herein as if repeated verbatim.

30. 20 U.S.C. § 1414(b)(3)(B) requires the Defendant to evaluate each qualified child in all areas of suspected disability.

31. DCPS has violated and continues to violate Section 1414(b)(3)(B) of the IDEA by failing to complete adequate clinical, occupational therapy, speech and language and social history evaluations of M.P..

32. As a result of this violation, M.P. has experienced and continues to experience harm to his educational development.

### COUNT III: FAILURE TO DEVELOP AN APPROPRIATE IEP

33. The allegations of Paragraphs 1-32 above are incorporated herein as if repeated verbatim.

34. Section 1414(d) of the IDEA requires DCPS to develop an appropriate IEP for all qualified children with disabilities.

35. DCPS has violated and continues to violate Section 1414(d) of the IDEA by failing to develop an appropriate IEP based on adequate, completed evaluations in all areas of suspected disability.

36. As a result of this violation, M.P. has experienced and continues to experience harm to his educational development.

WHEREFORE, the Plaintiff respectfully requests that this Court:

1) issue an injunction ordering DCPS to fund and place M.P. at Rock Creek Academy, to fund independent clinical, occupational therapy, speech and language and social history evaluations of M.P, to develop an appropriate IEP for M.P. and to provide M.P. with

compensatory education for several year's worth of deficiencies in his specialized education instruction.

2) award the Plaintiff attorneys' fees and costs of this action;

3) award any other relief the Court deems just.

Respectfully submitted,

Douglas Tyrka, #467500
2807 27th St., NW
Washington, DC 20008
(202) 332-0038

5