# District of Columbia Public Schools

*State Enforcement and Investigation Division*

<u>**confidential**</u>

H. St. Clair, Esq., Due Process Hearing Officer
825 North Capitol Street, NE  8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | |
|---|---|
| In the Matter of ) | IMPARTIAL |
| ) | DUE PROCESS HEARING |
| MICHAEL PEAK, student ) | |
| Date of Birth: December 23, 1996 ) | |
| ) | **DECISION AND ORDER** |
| Petitioner, ) | |
| ) | |
| versus ) | Request Date: December 9, 2005 |
| ) | Hearing Date: February 17, 2006 |
| The District of Columbia Public Schools, ) | |
| Home School: Malcolm X Ele. School, ) | Held at: 825 North Capitol Street, NE |
| Attending: Malcom X Ele. School, ) | Eighth Floor, Hearing Room 2 |
| ) | Washington, D.C. 20002 |
| Respondent. ) | |

| | |
|---|---|
| **Parent:** | Alice Peak |
| | 1397 Congress Street, SE   Apt No 4 |
| | Washington, D.C. 20032 |
| **Counsel for the Parent/Student:** | Douglas Tyrka, Esq. |
| | **Tyrka & Houck, LLP** |
| | 1726 Connecticut Avenue, NW  Suite 400 |
| | Washington, D.C. 20009 |
| **District of Columbia Public Schools:** | Tiffany S. Puckett, Esq., Attorney-Advisor |
| | Office of the General Counsel, DCPS |
| | 825 North Capitol Street, NE   9th Floor |
| | Washington, D.C. 20002 |

An <u>INDEX of NAMES</u> is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant witnesses. The index will be detached before release of this <u>DECISION & ORDER</u> as a public record.

i

# INDEX of NAMES for Michael Peak

Hearing Date: February 17, 2006

    Appearing on behalf of DCPS: None.

    Appearing on behalf of the parent/student:

        1. Sharon Millis, special education expert

No testimony was received.

## JURISDICTION

The hearing convened under Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004 and Title V of the District of Columbia Municipal Regulations.

## STATEMENT of the CASE

On December 9, 2005, Counsel for the Parent filed the herein Complaint on behalf of the parent and student complaining the District of Columbia Public Schools (DCPS) denied a Free Appropriate Public Education (FAPE) to the student. Specifically, Counsel for the Parent complained:

1. Failure to timely evaluate a qualified child in all areas of suspected disability;
2. Failure to develop an appropriate IEP;
3. Failure to provide all necessary special education and related services to a qualified child; and
4. Failure to provide an appropriate educational placement.

The Student Hearing Office, DCPS, scheduled a hearing in this matter for 11:00 A.M., Friday, February 17, 2006 at DCPS Headquarters, 825 North Capitol Street, NE 8th Floor, Hearing Room 2, Washington, D.C. 20002. The hearing convened as scheduled.
By facsimile dated February 6, 2006, DCPS disclosed 19 witnesses and 1 document.
By facsimile dated February 6, 2006, the parent disclosed 5 witnesses and 11 documents.
The documents were placed into the record and are referenced/footnoted herein where relevant.
Counsel for the Parent objected to DCPS Document No 1, notes of the December 22, 2005 Resolution Session. The Attorney-Advisor asserted the notes admissible into evidence as non-confidential.
The hearing officer determined the notes evidence of settlement discussions and struck DCPS Document No 1 from the record.
The Attorney-Advisor pointed out that the parent had been compelled as a witness but was not in attendance and proceeded to represent that the herein matter had been settled at the December 22, 2005 Resolution Session. The Attorney- Advisor represented that a complaint on behalf of the parent and student was filed on January 25, 2006 essentially alleging the violations herein; that the complaint was the result of the parent's dissatisfaction with the result of the meeting agreed upon at the December 22, 2005 Resolution Session and that the herein complaint should be DISMISSED as it was resolved at the December 22, 2005 Resolution Session.

In the January 25, 2006 Complaint, the parent complained:

1. Failure to timely evaluate a qualified child in all areas of suspected disability;
2. Failure to conduct an adequate initial therapy evaluation;
3. Failure to determine an appropriate disability classification;

4. Failure to develop an appropriate IEP;
5. Failure to provide all necessary special education and related services to a qualified child with a disability; and
6. Failure to provide an appropriate educational placement.

The hearing officer determined that the December 22, 2005 Resolution Session had become an issue and SET ASIDE the earlier determination to exclude the session notes; the December 22, 2005 Resolution Session notes were placed into the record. The hearing officer noted that the parent attended the resolution session without counsel and did not sign anything that could be considered an agreement resolving the herein Complaint; still, from the session notes the hearing officer was persuaded that an MDT meeting that was to convene before January 25, 2006, tentatively scheduled for January 16, 2005, was discussed during the session, and that the parties attended the meeting on January 17, 2006.

The parties agreed that an MDT meeting convened on January 17, 2006 that resulted in the parent's dissatisfaction and the January 25, 2006 Complaint above setout; Counsel for the Parent represented that the January 17, 2006 MDT meeting notes clearly stated that the student needed an Out of General Education setting and urged the hearing officer to deny the DCPS motion for a DISMISSAL and proceed herewith admitting the January 17, 2006 MDT meeting notes and other post December 9, 2005 documentation, Parent Documents Nos 8-13, as evidence.

The hearing officer declined to conduct a hearing knowing at the beginning that evidence not existing at the time the complaint was filed was to be admitted into evidence during the hearing.

The hearing officer noted that all of the violation alleged against DCPS herein were restated against DCPS in the January 25, 2006 Complaint.

In consideration of the foregoing, the hearing officer made the following

## ORDER

The herein December 9, 2005 Complaint is joined with the Complaint filed in this matter January 25, 2006

**This is THE FINAL ADMINISTRATIVE DECISION. Appeal can be made to a court of competent jurisdiction within ninety (90) days of the issue date of this decision.**

Date: February 24, 2006

H. St. Clair, Esq., Hearing Officer

Issued: 2/24/06
Student Hearing Office, DCPS

2 of 2 pages