IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALICE PEAK,<br>　　　　Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## VERIFIED STATEMENT OF JACQUELINE DONNELL

1. I am over 18 years of age and competent to testify regarding the matters described herein.

2. On February 24, 2006, Douglas Tyrka played an audiotape for me. Mr. Tyrka told me that the tape recorded a resolution meeting regarding M.P., Alice Peak's son, at Malcolm X Elementary School on the morning of February 24, 2006.

3. Mr. Tyrka gave me the tape and asked me to transcribe its contents.

4. The transcript within this document, following my signature, is a complete and accurate transcription of the contents of that tape. Mr. Tyrka identified each of the various speakers.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 1, 2006.

　　　　　　　　　　　　　　　　　　_Jacqueline Donnell_
　　　　　　　　　　　　　　　　　　Jacqueline Donnell

1

Transcript of M.P. Resolution Session, February 24, 2006 at 9:15 a.m.
Malcolm X Elementary School

Ms. Gregory: I am having a large, full table here this morning.

Mr. Tyrka: I'm sorry – if I may, I just want to alert everybody that I am recording this. Can you hear me okay, Karen?

Ms. Bailey: Uh, no, we won't have any recording today.

Mr. Tyrka: If we're not having recording, we're not having the meeting.

Ms. Bailey: No, there'll be no recording of the meeting.

Mr. Tyrka: Karen, you hear that?

Ms. Herbet: Yes, they don't record the resolution sessions.

Mr. Tyrka: Well, I do.

Ms. Bailey: Well, we don't.

Ms. Herbert: Why do you? Did you ask for it to be recorded?

Mr. Tyrka: No. Nobody asked me if I wanted it to be.

Ms. Herbert: Well, then I don't know anything about recording a resolution session.

Mr. Tyrka: Then we're walking out, Karen.

Ms. Herbert: Well, plus, you weren't supposed to be there.

Mr. Tyrka: Says who?

Karen Herbert: It says here the mother and the advocate will be there

[simultaneous discussion]

Ms. Herbert: If you walk out, Doug, you weren't supposed to be there.

Mr. Tyrka: Nobody asked me.

Ms. Herbert: Well, I mean you're supposed to say when you're going to come...

Mr. Tyrka: Says who?

2

## JURISDICTION

The hearing convened under Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004 and Title V of the District of Columbia Municipal Regulations.

## STATEMENT of the CASE

On December 9, 2005, Counsel for the Parent filed the herein Complaint on behalf of the parent and student complaining the District of Columbia Public Schools (DCPS) denied a Free Appropriate Public Education (FAPE) to the student. Specifically, Counsel for the Parent complained:

1. Failure to timely evaluate a qualified child in all areas of suspected disability;
2. Failure to develop an appropriate IEP;
3. Failure to provide all necessary special education and related services to a qualified child; and
4. Failure to provide an appropriate educational placement.

The Student Hearing Office, DCPS, scheduled a hearing in this matter for 11:00 A.M., Friday, February 17, 2006 at DCPS Headquarters, 825 North Capitol Street, NE 8th Floor, Hearing Room 2, Washington, D.C. 20002. The hearing convened as scheduled.
By facsimile dated February 6, 2006, DCPS disclosed 19 witnesses and 1 document.
By facsimile dated February 6, 2006, the parent disclosed 5 witnesses and 11 documents.
The documents were placed into the record and are referenced/footnoted herein where relevant.
Counsel for the Parent objected to DCPS Document No 1, notes of the December 22, 2005 Resolution Session. The Attorney-Advisor asserted the notes admissible into evidence as non-confidential.
The hearing officer determined the notes evidence of settlement discussions and struck DCPS Document No 1 from the record.
The Attorney-Advisor pointed out that the parent had been compelled as a witness but was not in attendance and proceeded to represent that the herein matter had been settled at the December 22, 2005 Resolution Session. The Attorney- Advisor represented that a complaint on behalf of the parent and student was filed on January 25, 2006 essentially alleging the violations herein; that the complaint was the result of the parent's dissatisfaction with the result of the meeting agreed upon at the December 22, 2005 Resolution Session and that the herein complaint should be DISMISSED as it was resolved at the December 22, 2005 Resolution Session.

In the January 25, 2006 Complaint, the parent complained:

1. Failure to timely evaluate a qualified child in all areas of suspected disability;
2. Failure to conduct an adequate initial therapy evaluation;
3. Failure to determine an appropriate disability classification;

happy to read it. But I don't know of anything like that. I don't know of anything that says that I can't record it. I don't know of anything that says I have to give you some kind of warning that I'm going to record it. I don't know of anything that says I need to give you some kind of warning that I'm going to be here. And in fact, I didn't know I was going to be here until yesterday.

Ms. Herbert: There is something in the law.

Mr. Tyrka: Well, find it for me – and I'm happy to wait.

Ms. Herbert: On the form it says will your...your attorney attend.

Mr. Tyrka: They did not send me a form and...[Interrupted]

Ms. Herbert: [Unintelligible]

Mr. Tyrka: They did not send me a form for this meeting and...and the form is not part of the law.

Ms. Gregory: However, I do have a letter from Mr. Tyrka stating that Ms. Millis and Ms. Peak would be here.

Mr. Tyrka: That's correct. And I did not say that I would not be here because I hadn't decided yet. In fact, I didn't decide until yesterday, but I don't have to justify that.

Ms. Herbert: You know you can't just willy-nilly do stuff like that. What are you doing?

Mr. Tyrka: Tell me where it says I can't do that Karen.

Ms. Herbert: At the last minute that you are going to come to the resolution session and not tell the school?

Mr. Tyrka: Tell me where it says I can't do that.

Ms. Herbert: What are you, wait a minute, you want to go directly by the law exactly what has to be done?

Mr. Tyrka: Of course I do – I'm a lawyer. What do you mean? Of course I want to go exactly by the law. I mean, this case is serious litigation. I mean this case has been through many iterations. It's in the federal...

Ms. Herbert: This is not litigation, this is resolution.

Mr. Tyrka: No, no – I'm saying the broad picture of this case, we have a federal court case, we've had three different hearings filed, I'm about to file a new TRO, I mean – you

4

know – this is serious stuff. I'm not going to go willy-nilly on this and I'm not going to not appear at the hearing – at the meeting, rather.

Ms. Herbert: Well, basically, you know, your attendance there – you don't get paid for resolution sessions. You know the law does say that.

Mr. Tyrka: That's right. I'm quite aware of that Karen, thank you. Provided this is in fact a resolution session, which will remain to be seen I guess.

Ms. Herbert: Is there some reason for you not to think that it's a resolution session?

Mr. Tyrka: It depends on how it's conducted. So far so good, but right now they're telling me that we can't even conduct it, so that's your call. If you're not going to allow me to record it then we're leaving.

Ms. Bailey: And we'll continue with the resolution, Karen.

Mr. Tyrka: They can try to continue with the resolution session without the parent there, and that's, I guess, their prerogative, and they can defend themselves later.

Ms. Herbert: Ms. Bailey or who was it that called me – Ms. Bailey?

Ms. Bailey: Ms. Gregory and Ms. Bailey.

Ms. Herbert: Okay, Ms. Gregory, you can do whatever you wish to do as far as the recording is concerned.

Ms. Gregory: Okay. Hold on one second.

Mr. Tyrka: I'm going to stop the recording...

Mr. Tyrka: I am stopping recording while Ms. Bailey and Ms. Gregory leave the room to discuss this.

[recording interrupted]

Ms. Bailey: ...decision in terms of whether they want to be recorded.

Mr. Tyrka: Then you can all leave the room to discuss it.

Ms. Millis: Set 'em straight buddy.

Unidentified male teacher: Alright.

Mr. Tyrka: I am stopping recording because all of the DCPS personnel have left the room to discuss this.

5

[recording interrupted]

Ms. Gregory: We went to take a...take a step out of the room just to discuss as a team what our...

Ms. Herbert: What's going on?

Ms. Gregory: Right, what's...what is going on. I'm going to ask, are you currently recording?

Mr. Tyrka: Yes. I started it up again.

Ms. Gregory: I'm just gonna to let you know for the record that we do not as a...Mr. Flytus [ph], Mr. Anthony, Ms. Hawkins, Ms. Pennock, Ms. Adams, Ms. Bailey nor myself, Taiya Gregory we do not agree to being taped. Had we been made aware that you were going to be present at the meeting we would have had an opportunity to secure a DCPS attorney. You stated – I think it's on your tape – that you were aware that you were going to be present as of yesterday. If you would have even given a phone call or a fax or something, that would have given us enough prep time to have someone who actually... a DCPS attorney who is actually familiar with the case, who has the facts at hand to sit and to provide proper counsel to us as a team. Additionally, anything that you're taping, even though we clearly say we do not want to be taped we're asking that you give us a copy to be authenticated. Also, prior awareness that you would have been present would have allowed us to make the decision as a team as to whether or not it was in our best interest to be taped. As it states right now we had to come out as a group with not a lot of time to weigh the pros and cons of allowing that to be done. Additionally, we would have had an opportunity to also have the same device present so that we could also kind of had an immediate copy. We're asking you now that you leave a copy. I don't know if you have the capability or not to do that today right now before you leave but, those are what we're asking to do. I heard you state earlier that you are not willing to move forward if the...if we were not taping the resolution session, and so pretty much what we would be, pretty much what, you know, you can make that decision, but based on just getting the information from you this morning, that is where we stand.

Mr. Tyrka: Okay, first off, FYI for the future...[interrupted]

Ms. Gregory: I'm not...I'm not having...we're not...because we're not comfortable, we're not having any additional discussion right now.

Mr. Tyrka: Okay...so you wouldn't like a response to any of your questions?

Ms. Gregory: If you want to write something then that would be great, that's what we'll do.

Mr. Tyrka: I choose not to respond. So that was Ms. Gregory speaking, correct Ms. Gregory – on behalf of the team? Okay, I'll just make a note to that.

Ms. Herbert: Ms. Gregory, see if there would be another...[interrupted]

[simultaneous discussion]

Mr. Tyrka: Karen, I'm stopping the recording now, I'm stopping the recording because Ms. Gregory didn't want any more comments.

7