<u>Peak v. District of Columbia</u>, Civ. No. 06-0373        # APPENDIX 1

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## ENFORCEMENT AND INVESTIGATION DIVISION

### SPECIAL EDUCATION DUE PROCESS HEARING

### CONFIDENTIAL

### <u>HEARING OFFICER'S DETERMINATION</u>

**STUDENT:** Michael Peak          **DATE OF BIRTH:** 12/23/96

**ADDRESS:** 1397 Congress St., S.E.
Washington, D.C.

**PRESENT SCHOOL ATTENDING:** Malcolm X
**HOME SCHOOL:**  Malcolm X

**DATE OF HEARING:** August 23, 2005

**TESTIFIED AT THE HEARING:**

| | |
|---|---|
| Alice Peak | Grandmother |
| Taiya Gregory* | Special Education Coordinator, Malcolm X |
| Keren Plowden* | Director, Rock Creek Academy |
| Carolyn Houck* | Attorney for Student |
| (* Testified by telephone) | |

**Student's Representative:** Douglas Tyrka, Esq.
**Address:** 5505 Connecticut Ave., N.W.
Washington, D.C. 20015
**FAX:** 301-951-4248

**School System's Representative:** Tiffany Puckett, Esq.
**Address:** 825 N. Capitol Street, N.E., Washington, D.C. 20002

**INTRODUCTION:**

A hearing was held at the District of Columbia Public Schools (DCPS), 825 N. Capitol Street, N.E., Washington, D.C. 20002, on August 23, 2005, at the request of Carolyn Houck, counsel for the grandparent/legal guardian and the student. Tiffany Puckett represented DCPS, the other party to this hearing.

**JURISDICTION:**

The hearing was held and this decision was written pursuant to the Individuals with Disabilities Education Act (IDEA) (P.L. 101-476), reauthorized as the IDEA Improvement Act of 1997 (P.L. 105-17) 20 U.S.C. 1400 Et. seq.; and their current regulations, specifically the Code of Federal Regulations at 34 CFR Part 300; further reauthorized as the IDEA Improvement Act of 2004 (P.L. 108-446) and District of Columbia Municipal Regulations, Chapter 30, Education Handicapped, Title V, Sections 3000-3099.

**ISSUE:**

1.  Did DCPS deny a Free Appropriate Public Education (FAPE) to the student by failing to develop an appropriate IEP and implement that IEP?

2.  Did DCPS fail to propose an appropriate placement for the student?

**DOCUMENTS SUBMITTED BY DCPS:**

**DCPS-1-DCPS-2**

**DOCUMENTS SUBMITTED BY STUDENT:**

**MP-1-MP-10**

**FINDINGS OF FACT:**

1.  The student is a nine-year-old male student who has been found eligible for special education services by DCPS as a student with the disability classification of a learning disability (LD). (MP-6 & 8)

2.  At a January 25th 2005 MDT meeting held at Malcolm X School, an IEP was developed for the student that provided for 15 hours of specialized instruction and one hour of speech therapy. The grandmother/guardian participated in the MDT meeting and signed that she agreed with the contents of the IEP. The grandmother reported in the MDT Meeting

2

Notes that she saw "overall improvement in Michael's school performance". The special education teacher reported in the MDT Notes: "Michael is beginning to show some signs of improvement. He has mastered some of the short-term objectives. Of late, Michael has not been running out of the classroom." The speech pathologist reported: "Michael has made some progress with regards to vocabulary development. He continues to struggle with expressing himself verbally and processing lengthy information. Therapy will continue to address the above stated deficits." The general education teacher reported: "Michael is unable to do 3rd grade work but he is able to do below grade level reading and math. He says he doesn't understand the 3rd grade social studies. His behavior has improved." (MP-8) The special education coordinator testified that he is doing pretty well and showed a level of improvement on his Stanford Nine test scores. She further testified that both the special education teacher and regular teacher felt he was making progress. The grandparent also stated he is making overall improvement. (Testimony of Ms. Gregory) The grandmother acknowledged that she stated the student is making overall improvement at the above January MDT meeting. (Testimony of Ms. Peak)

3.    Ms. Gregory testified that the grandmother who lives across the street from the school and visits the school often did not indicate to her problems with Michael.

4.    Upon receiving a letter from counsel for the grandmother, the special education coordinator sent on June 10th 2005, a Letter of Invitation to an MDT meeting on three possible dates to both the grandparent and counsel for the student, Ms. Houck. Ms. Gregory faxed the Letter of Invitation to counsel for the student Ms. Houck (DCPS-1) Ms. Gregory also faxed with the Letter of Invitation a letter to Ms. Houck stating: "I am writing to schedule a multidisciplinary team meeting for Michael Peak. I have spoken to the grandmother/guardian, Alice Peak who stated that she is available on June 20, 2005 at 9:30 a.m. I am attaching a letter of invitation with several dates. If I do not hear from you by June 15, 2005, I will confirm your attendance for June 20, 2005 at 9:30 a.m. Please feel free to contact me on 202-645-3409." (DCPS-2) Ms. Gregory received a fax confirmation that both the Letter of Invitation and the above letter were successfully transmitted. (DCPS-2) Ms. Gregory also called the lawyer's officer on June 10th leaving a message of scheduling of an MDT meeting to discuss concerns.

5.    On June 20th at 9:30 a.m., the grandmother showed up for the MDT meeting and the MDT team was ready to convene the meeting, but counsel for the grandparent did not appear. Ms. Gregory received a telephone call from Ms.Houck at that time stating that she was not participating in the meeting and did not want it to go forward. Ms. Houck did not state a

reason why she could not attend. Ms.Gregory has a very clear memory of that telephone conversation especially because it was not pleasant, but Ms. Houck, counsel for the grandparent could not recall the conversation nor does she recall what happened on June 20th 2005. Ms. Houck testified that she had no record of receiving the Letter of Invitation or Ms. Gregory's letter to her. Ms.Houck also testified that she did not contact Malcolm X to set up a meeting to discuss concerns regarding the student before filing her hearing request. This hearing officer finds that the DCPS documents and testimony of Ms. Gregory show that Ms. Gregory did fax a Letter of Invitation and letter to counsel for the grandparent and these documents were successfully transmitted to counsel for the grandparent's office. This hearing officer finds the detailed testimony of Ms. Gregory regarding the scheduling of the MDT meeting and the events of June 20th more believable and credible than Ms. Houck who could not recall the June 20th conversation at all or any events of June 20th.

6.     The student has been accepted at the Rock Creek Academy. The student will be in a self-contained classroom with a maximum of six students. There are currently four students scheduled for that class with this student. The teacher is certified in special education. Related services providers are on staff to provide counseling and speech therapy. (Testimony of Ms. Plowden)

**DISCUSSION AND CONCLUSIONS OF LAW:**

. The above Findings of Fact set out efforts of DCPS to convene an MDT meeting to discuss any concerns of the grandparent, but counsel for the grandparent frustrated that process through non-responsiveness and non-cooperation. This hearing officer has found as a fact that counsel for the grandparent received on June 10th 2005 from DCPS a Letter of Invitation and a letter to an MDT meeting followed up on June 10th with a telephone call about the scheduling of the MDT meeting. This hearing officer finds it significant that counsel for the grandparent called on June 20th at the very time of the scheduled MDT meeting to tell the special education coordinator that she would not attend and that the meeting should not go forward. Ms. Houck also testified that she did not contact DCPS to discuss any concerns before filing her hearing request. This fact pattern is similar to the facts in *Lesesne v. D.C. (Civil* Action No. 04-0620, July 26th 2005). Federal District Judge Kollar-Kotelly recently ruled in that case: "Plaintiff-spurred on by a quest for attorney's fees- was actively avoiding that meeting and postponing any progress until an Administrative Hearing on the matter...Holding out for a hearing where an administrative officer may order an IEP/MDT meeting when the invitation to such a meeting has already been sent further delays the process." As the Fourth Circuit Court of Appeals held in *Combs v. School Bd. of Rockingham County*, 15 F. 3d 357, 364 (1994); "[T]he school district should have been given notice and the opportunity to rectify the situation before Combs brought an administrative action and subsequent lawsuit." U.S. District Judge Messite in *Sanger v. Montgomery County Board of Education*, 916 F. Supp. 518 (U.S.D.C. MD. 1996) relied on *Combs* and stated:

4

"The Sangers' efforts to jump directly to a due process hearing in March, 1992, rather than engage in a CARD meeting, is especially troubling because such an approach has the effect of short-circuiting the educational review process." This hearing officer finds that counsel for the parent engaged in the same type of troubling conduct of holding out for a hearing instead of going through the MDT educational review process that the above federal courts found further delays the educational process to the detriment of the student and fails to give the school district an opportunity to rectify the situation.

It is hereby **ORDERED** that:

**Counsel for the grandparent's request for relief is DENIED and the case is DISMISSED.**

**This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.**

Seymour DuBow, Esq.
Impartial Hearing Officer                    Date filed: August 30, 2005

Date Issued:

**Peak v. District of Columbia**, Civ. No. 06-0373          # APPENDIX 2

### DUE PROCESS COMPLAINT NOTICE
In re Michael Peak
**December 8, 2005**

**Petitioner:**       Alice Peak
**Student:**          **Michael Peak**
**DOB:**              12/23/96
**Current School:**   Malcolm X Elementary School
**Residence:**        1397 Congress Street, S.E., Apt. 4
                      Washington, D.C. 20032

**Petitioner's Contact Information for Special Education Purposes:**
          Tyrka & Houck, LLP
          1726 Connecticut Ave. N.W. Suite 400
          Washington, D.C. 20009
          Tel:  202-265-4260
          Fax: 202-265-4264

**Violations:**

1. Failure to timely evaluate a qualified child in all areas of suspected disability.
2. Failure to develop an appropriate IEP.
3. Failure to provide all necessary special education and related services to a qualified child with a disability.
4. Failure to provide an appropriate educational placement.

**Facts:**

1. At a November 7, 2005 MDT Meeting, DCPS
   a) determined that a current clinical evaluation, occupational therapy evaluation, and functional behavioral assessment of Michael were all warranted,
   b) recommended that psycho-social counseling be added to Michael's IEP,
   c) and concluded that Michael required a current placement in a full-time therapeutic setting.
2. DPCS has not yet completed a current clinical evaluation, an occupational therapy evaluation, and a functional behavioral assessment of Michael.
3. DCPS has not taken all the steps which are necessary to secure and fund Michael's timely placement in a full-time therapeutic setting.

**Proposed resolution:**

1. DPCS to take all steps necessary to secure and fund Michael's immediate placement at Rock Creek Academy.
2. DCPS to immediately provide funding for an independent occupational therapy, clinical and social history evaluation and an independent functional behavioral assessment of Michael.



3.  DCPS to convene an MDT meeting within five (5) days of receiving a report for each of these evaluations
    a)  to review and revise Michael's IEP
    b)  and to discuss and determine the provision of compensatory education
        i)  for deficiencies in Michael's November 7, 2005 IEP
        ii) and for his inappropriate placement by DCPS at Malcolm X Elementary School for the 2005-2006 SY at all times prior to Michael's placement at Rock Creek Academy.
4.  DCPS to pay reasonable attorney fees and costs incurred in bringing and pursuing this case.

**Resolution Meeting:**

1.  The Petitioner contends that the entire IEP Team and a representative of the LEA with authority to
    a.  take all steps necessary to secure and fund Michael's immediate placement at Rock Creek Academy,
    b.  to immediately provide funding for an independent occupational therapy evaluation, a social history evaluation, a clinical evaluation and a functional behavioral assessment of Michael,
    c.  and to convene an MDT Meeting within five (5) days of receiving a finalized report for each of these evaluations
    are necessary attendees at any resolution meeting.
2.  If these individuals are not going to be in attendance, Petitioner requests that DCPS provide counsel with a written notice waiving its right to a resolution session 48 hours prior to any scheduled meeting.
3.  The Petitioner contends that any meeting not attended by the identified individuals is not a valid resolution session, but rather an informal settlement discussion.
4.  Any statements by the Petitioner or his or her representative during any resolution meeting or other settlement discussion incident to the filing of this complaint are for the purposes of compromise only.

Respectfully Submitted By,

Douglas Tyrka
Tyrka & Houck, LLP
Attorneys for the Petitioner
1726 Connecticut Ave. N.W. Suite 400
Washington, D.C. 20009
Tel: 202-265-4260
Fax: 202-265-4264



**Peak v. District of Columbia,** Civ. No. 06-0373          # APPENDIX  3



**DISTRICT OF COLUMBIA**
**PUBLIC SCHOOLS**

Date: 12/22/05

Parent's Name: Alice Peak

Parent's Address: 1370 Congress St. SE Apt 4
Washington, DC 20032

Subject: Resolution Session for Michael Peak

DOB: 12/23/96

Attending School: Malcolm X ES

## SETTLEMENT AGREEMENT

A resolution meeting was held on the above referenced date and an agreement between
the parties to this action, District of Columbia Public Schools (hereinafter DCPS) and
parent was reached. The parties agree to resolve this matter pursuant to the following
terms and conditions (check the box / boxes that apply and initial on corresponding line):

## ☐ **Eligibility Determination**

___DCPS agrees to issue a prior notice regarding eligibility/ineligibility.
___If the student is found eligible, DCPS will develop an IEP and determine
     placement.
___DCPS agrees to issue a prior notice of placement within 5 school days, if the
     placement is public and 30 calendar if the placement is non-public.

## ☑ **Conduct Evaluations & Hold MDT Meeting**

✓Within **30** school (calendar (circle one)) days of execution of this agreement,
     DCPS agrees to conduct the following assessment(s)/evaluation(s):

     ☐ psycho-educational evaluation
     ☐ speech/language evaluation
     ☑ occupational therapy evaluation
     ☐ physical therapy evaluation

Re:                                                              DCPS
                                                                Page 2

- ☑ clinical psychological
- ☐ hearing screening
- ☐ vision screening
- ☐ audiological assessment
- ☐ classroom observation
- ☑ functional behavior assessment
- ☐ Vineland Adaptive Scales assessment
- ☐ vocational assessment  (I, II, III) *(circle one)*
- ☐ social history evaluation
- ☐ assistive technology assessment
- ☐ psychiatric assessment
- ☐ neurological evaluation
- ☐ neuropsychological evaluation

If DCPS fails to complete the evaluation/evaluations within the above stated time frame, the parent can secure the above agreed evaluation(s) at the expense of DCPS, consistent with DCPS cost guidelines, not to exceed those specified in the *Superintendents Directive Number 530.6, dated March 20, 2002.*

___Within 15 school days of completion or receiving the last independent evaluation, DCPS will convene an MDT/IEP meeting to review the evaluation(s), amend the IEP, as appropriate, discuss placement and issue a prior notice, if necessary.

## ☐ **Fund Independent Evaluations**

___DCPS agrees to fund the following independent evaluation(s):

- ☐ psycho-educational evaluation
- ☐ speech/language evaluation
- ☐ occupational therapy evaluation
- ☐ physical therapy evaluation
- ☐ clinical psychological
- ☐ hearing screening
- ☐ vision screening
- ☐ audiological assessment
- ☐ classroom observation
- ☐ functional behavior assessment
- ☐ Vineland Adaptive Scales assessment
- ☐ vocational assessment  (I, II, III) *(circle one)*
- ☐ social history evaluation
- ☐ assistive technology assessment
- ☐ psychiatric assessment
- ☐ neurological evaluation
- ☐ neuropsychological evaluation

The parent agrees that DCPS' cost liability shall not exceed those specified in the *Superintendents Directive Number 530.6, dated March 20, 2002.*

Re:                                                                      DCPS
                                                                         Page 3

_____ Within 15 school days of completion or receiving the last independent evaluation, DCPS will convene an MDT/IEP meeting to review the evaluation(s), amend the IEP, as appropriate, discuss placement and issue a prior notice, if necessary.

_____ If the MDT/IEP team proposes a new placement, DCPS agrees to issue a *prior notice of placement* within 5 school days if the placement is public and within 30 calendar days if the placement is non-public.

## ☐ Compensatory Education

_____ DCPS agrees to develop a compensatory education plan by _____, 2005.

_____ DCPS agrees to implement the attached compensatory education plan.

_____ Other: _____

## ☐ Tutoring

_____ DCPS agrees to provide _____ hours of one on one tutoring to compensate for missed specialized instruction.

_____ Other: _____

## ☐ MDT Meeting to Discuss Placement

_____ DCPS agrees to issue a *prior notice of placement* within 5 school days if the placement if public and within 30 calendar days if the placement is non-public.

_____ Other: _____

## ☐ Referral for Residential Placement

_____ DCPS agrees to send a minimum of three referrals to residential placements within 15 school days of execution of this agreement.

Parent agrees to cooperate fully with DCPS in the implementation of the terms of this settlement agreement. Any delay caused by the student, parent, or their representative as it pertains to testing, meeting dates, or compliance with the terms of this agreement will toll any deadlines herein by one day for each day of delay.

This agreement is in full satisfaction and settlement of all the claims contained in the pending hearing Complaint, including all claims that the parent now asserts or could have asserted as of the date of this agreement.

Re:                                                          DCPS
                                                             Page 4

Both parties agree that they have 3 days to withdraw the settlement agreement. If either party decides to withdraw the settlement agreement said withdrawal must be in writing and provided the other party.

Jurisdiction for this agreement lies within the District of Columbia. This agreement is a legally binding agreement that is enforceable in the U.S. District Court for the District of Columbia or the D.C. Superior Court.

Agreed to: _____    12-22-05
           Principal or designee Parent       Date

Agreed to: _____    12-22-05
           Parent Principal or Designee       Date

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
DIVISION OF SPECIAL EDUCATION
825 North Capital Street, N.E., 6th Floor
Washington, D.C. 20002-4232

Caring for Our Students with Disabilities
A Procedural Manual for Parents

RECEIPT

I, _____Alice Peak_____, received a copy of *A Procedure*
(Parent/Guardian Name)

*Manual for Parents* from ___Taiya H. Gregory___ /Title Special Ed. Coord.
(Person Issuing Document)

at _Malcolm X Elementary School_____.
(School)

_12, 22, 05_.
(Date)

_Alice n Peak_
Parent/Guardian Signature

(This receipt is to remain in a designated file in the school.)

1(

**Peak v. District of Columbia, Civ. No. 06-0373**          # APPENDIX 4

## DUE PROCESS COMPLAINT NOTICE
### In re Michael Peak
### January 25, 2006

| | |
|---|---|
| **Petitioner**: | Alice Peak |
| **Student**: | **Michael Peak** |
| **DOB**: | 12/23/96 |
| **Current School**: | Malcolm X Elementary School ("Malcolm X ES") |
| **Residence**: | 1397 Congress Street, S.E., Apt. 4 |
| | Washington, D.C. 20032 |

**Petitioner's Contact Information for Special Education Purposes**:

Tyrka & Houck, LLP
1726 Connecticut Ave. N.W. Suite 400
Washington, D.C. 20009
Tel: 202-265-4260
Fax: 202-265-4264

**Violations:**

1. Failure to timely evaluate a qualified child in all areas of suspected disability.
2. Failure to conduct an adequate initial occupational therapy evaluation.
3. Failure to timely determine an appropriate disability classification.
4. Failure to develop an appropriate IEP.
5. Failure to provide all necessary special education and related services to a qualified child with a disability.
6. Failure to provide an appropriate educational placement.

**Facts:**

1. DCPS has placed Michael at Malcolm X ES for the 2005-2006 SY.
2. Malcolm X ES is not an appropriate placement.
3. At a MDT Meeting held on January 17, 2006:
   a. DCPS provided counsel with a copy a current clinical evaluation report for Michael.
   b. The clinical evaluation report
      i. determined that an additional disability classification of emotionally disturbed was warranted.
      ii. did not include the necessary parent interview to adequately determine Michael's ADHD status.
   c. DCPS provided counsel for the parent with a copy of a current Kaufman Test of Educational Achievement report for Michael.
   d. The educational evaluation report determined that Michael's totally battery score placed him in the 4th percentile of performance nationally.
   e. The Team

       i.  changed Michael's disability classification from a child with a learning disability to a child suffering from multiple disabilities (learning disability and emotionally disturbed).
     ii.  recommended that Michael be placed in a full-time therapeutic setting outside of general education.
   iii.  did not issue a prior notice of placement for Michael in a full-time therapeutic setting outside of general education.
  f.  The parent requested that Michael be immediately placed at Rock Creek Academy.

4.  Since the January 17, 2006 MDT Meeting:
    a.  DCPS has not taken all steps necessary to provide Michael with a full-time therapeutic placement outside of general education.
    b.  DCPS has not reached a final determination of Michael's ADHD diagnosis.
    c.  DCPS has not provided Michael with compensatory education for the prior deficiencies in his free appropriate public education, including DCPS' failure
       i.  to timely determine his disability classification of emotionally disturbed,
      ii.  to timely provide special education and related services in all qualified areas of disability,
     iii.  and to timely provide Michael with an appropriate placement in a full-time therapeutic setting outside of general education.

5.  Michael will receive educational benefit at Rock Creek Academy.

**Proposed resolution:**

1.  DCPS to provide the parent with funding for an independent evaluation to determine Michael's ADHD diagnosis.
2.  DCPS to take all steps necessary to fund and place Michael at Rock Creek Academy.
3.  DCPS to provide compensatory education for the prior deficiencies in Michael's free appropriate public education.
4.  DCPS to pay reasonable attorney fees and costs incurred in bringing and pursuing this case.

**Resolution Meeting:**

1.  The Petitioner contends that the entire IEP Team and a representative of the LEA with authority to
    a.  take all steps necessary to secure and fund Michael's immediate placement at Rock Creek Academy,
    b.  to immediately provide funding for an independent evaluation of Michael to determine his ADHD status,
    c.  and to convene an MDT Meeting within five (5) days of receiving the finalized evaluation report
  are necessary attendees at any resolution meeting.
2.  If these individuals are not going to be in attendance, Petitioner requests that DCPS provide counsel with a written notice waiving its right to a resolution session 48 hours prior to any scheduled meeting.
3.  The Petitioner contends that any meeting not attended by the identified individuals is not a valid resolution session, but rather an informal settlement discussion.

4. Any statements by the Petitioner or his or her representative during any resolution meeting or other settlement discussion incident to the filing of this complaint are for the purposes of compromise only.

Respectfully Submitted By,

Douglas Tyrka
Tyrka & Houck, LLP
Attorneys for the Petitioner
1726 Connecticut Ave. N.W. Suite 400
Washington, D.C. 20009
Tel:  202-265-4260
Fax:  202-265-4264

Peak v. District of Columbia, Civ. No. 06-0373     **APPENDIX 5**

## DCPS IDEA Complaint-Resolution Process
## Telephone Contact Log

Student: _Michael Peak_     DOB: _____

| Date(s) | Person Contacted & Telephone No. | Outcome(s) of Contact |
|---|---|---|
| 1/27/06 12:10 | Spoke w/ Camille of Tyrka & Houck | LM for Sharon Millis to contact Sped. Coord. Offered a date of Feb 6, 2006 anytime after 9:30 |
| 2/1/06 | LM for Alice Peak in an effort to schedule DrC w/ Atty. | |
| 2/2/06 | LM Alice Peak in an effort to schedule Res. mtg | |
| 2/2/06 | Contacted Sharon Millis office, spoke w/ Alice gave a 301-221 number | |
| 2/2/06 | Spoke w/ Ms. Millis agreed after much discussion | she agreed to a mtg on Thursday 2/9/06 at 9:15am |
| 2/3/06 | Saw Ms. Peak at Parent Teacher Conference and mentioned mtg scheduled on Thursday, 2/9/06 she stated she would not be able to attend. Also mentioned that MORE Center was offered through Site review and that I would inform Ms Millis. | |
| 02/6/06 | Spoke w/ Ms. Millis who stated that she would not be able to make the meeting scheduled for, as she and Ms Peak could not make it. She stated that she would be available on Wednesday 2/15/06 informed I would contact psychologist for scheduling and call back | |
| 2/7/06 | Called and LM confirming Wed. 2/15/06 at 9:45 for 2/15/06 to Ms. Millis as well | |
| 2/7/06 | Fax Confirmation letter additional OT assessment/clinical who letter was requested | |
| 2/9/06 | Call from Alicia asking for indicated Michael Peak was student's name She agreed to forward to Ms. Millis. | |
| 2/13/06 | T/C to Keith Coil working with Ms Millis. (He had left a message stating Ms Millis could not make the scheduled 2/15/date) unable to leave message Phone rang | |

DCPS

MAR-03-2006  11:48                    DCPS GENERAL COUNSEL

Michael Peak - Log Cont'd

2/14/06   LM in general voice mail box for Mr. Coil at Touck & Houck. Informing him of the attempts to schedule unsuccessfully.

2/14/06   Left a mon JA Spoke w/ Mr. Coil who indicated that Ms. Millis could not make meeting on 2/15/06 and wanted to Schedule for next week. Informed him that Ms. Millis should indicate a specific date as I am scheduling w/ service provider.

2/14/06   Spoke w/ Sharon Millis stated she could not make scheduled meeting for 2/15/06. Stated she could do next Friday (2/24/06) informed her that the resolution time had expired and we wanted to ensure resolution is timely. She agreed to call back in an hour after conferring w/ caregiver.

02/15/06   LM for Ms. Willis w/regards
          to scheduling mtg at Tyrock & Houck.

2/17/06   Faxed letter of confirmation

**Peak v. District of Columbia, Civ. No. 06-0373**    <u>**APPENDIX  6**</u>

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

__ PUBLIC    ___DPCS CHARTER    __ LEA CHARTER    ___ NONPUBLIC    ___ PRIVATE/RELIGIOUS

### RESOLUTION MEETING NOTES

Meeting Confirmation Date: _____    Meeting Held: 2/24/06

Student: Michael Peak    DOB 03/16  School: Malcolm X ES

| PARTICIPANTS: (Print Name) | PARTICIPANTS (Sign Name) | POSITION |
|---|---|---|
| Barbara Bailey | Barb | Sp Ed Spec. |
| JUDITH ADAMS | Adams OTR/L | Occupational Therapy. |
| Sabrina Pinnock | Pinnock CCC/SLP | Speech Pathologist |
| Pamela Hawkins | Pamela Hawkins | Spec. Educ. Teacher |
| Ronald Anthony | R City | Gen. Ed. Teacher |
| Richard P Fleitas PsyD | (in by Phone) | Residency Psychology |
| Karen Herbert by phone | | |
| Sharon Millis | Came to meeting but refused participation | |
| Doug Tyrka | | |
| Alice Peak | | |

___ Resolved    ___ Unresolved

The purpose of the meeting was to discuss (have)
the 2/24 resolution meeting for Michael Peak.
Parties present were Ms. Gregory (LEA), Barbara Bailey
(SES), Judith Adams (Occupational Therapist), Sabrina
Pinnock (Speech Pathologist); Pamela Hawkins (Special
Ed Teacher); Ronald Anthony (General Ed Teacher);
Dr. Fleitas (Psychologist); Sharon Millis (Advocate),
Doug Tyrka (Atty) and Alice Peak (Guardian). Karen
Herbert (DCPS atty) participated by phone. Dr. Moseley
of Moten center (Clinical Coordinator) was available
to participate by phone. (special ed coordinator)

Please note that DCPS attempted to initiate

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

_ PUBLIC    __DPCS CHARTER    _ LEA CHARTER    _ NONPUBLIC    __ PRIVATE/RELIGIOUS

## RESOLUTION MEETING NOTES Cont'd.

Meeting Confirmation Date: _____

Meeting Held: _____

Student: _Michael_____    School: _Malcom X ES____

the meeting, however, Mr. Tyrka, stated that he
would be unwilling to continue with the resolution
meeting without tape recording it. The team
to include Ms. Gregory, Ms. Adams, Ms. Bailey, Ms. Pinnock,
Ms. Hawkins, Mr. Anthony and Dr. Fleitas would not
agree to being recorded as we were unaware
that Mr. Tyrka would be present or be recording.
Mr. Tyrka stated (on recording) that he decided yesterday
to attend the meeting, however, he failed to
notify anyone at the local school either via
fax or phone call of his intent. Additionally
his decision not to inform the team, precluded
DCPS from not only securing a DCPS attorney
in advance (Ms. Herbert was stalled when Mr. Tyrka presented
himself at the meeting) giving them enough time
to have someone present w/ some familiarity with
the issues but -to also have our own voice
recorder at the meeting. The teachers present
in the meeting had concerns about their
rights under the teacher's union to be recorded
and did not feel comfortable being recorded.
Because Mr. Tyrka refused to discontinue taping
and the team members w/ the exception of Ms. Mills

July 11, 2005 (advocate)

RESOLUTION MEETING NOTES    Page _____

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

__ PUBLIC    ___DPCS CHARTER    __ LEA CHARTER    __ NONPUBLIC    ___PRIVATE/RELIGIOUS

## RESOLUTION MEETING NOTES Cont'd.

Meeting Confirmation Date: _____    Meeting Held:_____

Student: _Michael Peak_    School: _Malcolm X ES_

and Ms Peak (Guardian) refused to be recorded, he decided that he would not go forward with any type of meeting if we were unwilling to be recorded by him. It was offered to Mr. Tyrka the opportunity to assert his concerns in writing which he refused flatly. The LEA requested that since he was unwilling to move forward w/out being to tape record, that we look at additional dates. Mr. Tyrka stated that since he was unable to record he was not willing to schedule any additional dates. Ms. Peak however stated she was not coming to any more meetings. We (the LEA) requested that Mr. Tyrka provide a copy of any recording that had been done even though he received no consent.

The team, however, will send out 3 dates for the atty and caregiver to select so as to satisfy the team's attempt to hold resolution and discuss placement. Please note that this meeting constitutes DCPS 3rd attempt to hold a resolution meeting and discuss placement.

RESOLUTION MEETING NOTES    Page _____    July 11, 2005

Peak v. District of Columbia, Civ. No. 06-0373 ___ **APPENDIX  7**

# District of Columbia Public Schools
## State Enforcement and Investigation Division
### confidential

H. St. Clair, Esq., Due Process Hearing Officer
825 North Capitol Street, NE  8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | |
|---|---|
| **In the Matter of** ) | **IMPARTIAL** |
| ) | **DUE PROCESS HEARING** |
| **MICHAEL PEAK**, student ) | |
| Date of Birth:  December 23, 1996 ) | |
| ) | **DECISION  AND  ORDER** |
| Petitioner, ) | |
| ) | Request Date:  December 9, 2005 |
| versus ) | Hearing Date:  February 17, 2006 |
| ) | |
| **The District of Columbia Public Schools,** ) | Held at:  825 North Capitol Street, NE |
| Home School: Malcolm X Ele. School, ) | Eighth Floor, Hearing Room 2 |
| Attending: Malcom X Ele. School, ) | Washington, D.C. 20002 |
| ) | |
| Respondent. ) | |

**Parent:**                        Alice Peak
                                   1397 Congress Street, SE      Apt No 4
                                   Washington, D.C. 20032

**Counsel for the Parent/Student:**      Douglas Tyrka, Esq.
                                   **Tyrka  &  Houck, LLP**
                                   1726 Connecticut Avenue, NW  Suite 400
                                   Washington, D.C. 20009

**District of Columbia Public Schools:**   Tiffany S. Puckett, Esq., Attorney-Advisor
                                   **Office of the General Counsel, DCPS**
                                   825 North Capitol Street, NE   9th Floor
                                   Washington, D.C. 20002

An INDEX of NAMES is attached hereto for the benefit of the parties. The index will permit the
parties to identify specific witnesses and other relevant witnesses. The index will be detached before
release of this DECISION & ORDER as a public record.

# INDEX of NAMES for Michael Peak
**Hearing Date:** February 17, 2006

Appearing on behalf of DCPS:  None.

Appearing on behalf of the parent/student:

    1. Sharon Millis, special education expert

No testimony was received.

ii

## JURISDICTION

The hearing convened under Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004 and Title V of the District of Columbia Municipal Regulations.

## STATEMENT of the CASE

On December 9, 2005, Counsel for the Parent filed the herein Complaint on behalf of the parent and student complaining the District of Columbia Public Schools (DCPS) denied a Free Appropriate Public Education (FAPE) to the student. Specifically, Counsel for the Parent complained:

1. Failure to timely evaluate a qualified child in all areas of suspected disability;
2. Failure to develop an appropriate IEP;
3. Failure to provide all necessary special education and related services to a qualified child; and
4. Failure to provide an appropriate educational placement.

The Student Hearing Office, DCPS, scheduled a hearing in this matter for 11:00 A.M., Friday, February 17, 2006 at DCPS Headquarters, 825 North Capitol Street, NE 8th Floor, Hearing Room 2, Washington, D.C. 20002. The hearing convened as scheduled.

By facsimile dated February 6, 2006, DCPS disclosed 19 witnesses and 1 document.

By facsimile dated February 6, 2006, the parent disclosed 5 witnesses and 11 documents.

The documents were placed into the record and are referenced/footnoted herein where relevant.

Counsel for the Parent objected to DCPS Document No 1, notes of the December 22, 2005 Resolution Session. The Attorney-Advisor asserted the notes admissible into evidence as non-confidential.

The hearing officer determined the notes evidence of settlement discussions and struck DCPS Document No 1 from the record.

The Attorney-Advisor pointed out that the parent had been compelled as a witness but was not in attendance and proceeded to represent that the herein matter had been settled at the December 22, 2005 Resolution Session. The Attorney- Advisor represented that a complaint on behalf of the parent and student was filed on January 25, 2006 essentially alleging the violations herein; that the complaint was the result of the parent's dissatisfaction with the result of the meeting agreed upon at the December 22, 2005 Resolution Session and that the herein complaint should be DISMISSED as it was resolved at the December 22, 2005 Resolution Session.

In the January 25, 2006 Complaint, the parent complained:

1. Failure to timely evaluate a qualified child in all areas of suspected disability;
2. Failure to conduct an adequate initial therapy evaluation;
3. Failure to determine an appropriate disability classification;

1 of 2 pages

4. Failure to develop an appropriate IEP;
5. Failure to provide all necessary special education and related services to a qualified child with a disability; and
6. Failure to provide an appropriate educational placement.

The hearing officer determined that the December 22, 2005 Resolution Session had become an issue and SET ASIDE the earlier determination to exclude the session notes; the December 22, 2005 Resolution Session notes were placed into the record. The hearing officer noted that the parent attended the resolution session without counsel and did not sign anything that could be considered an agreement resolving the herein Complaint; still, from the session notes the hearing officer was persuaded that an MDT meeting that was to convene before January 25, 2006, tentatively scheduled for January 16, 2005, was discussed during the session, and that the parties attended the meeting on January 17, 2006.

The parties agreed that an MDT meeting convened on January 17, 2006 that resulted in the parent's dissatisfaction and the January 25, 2006 Complaint above setout; Counsel for the Parent represented that the January 17, 2006 MDT meeting notes clearly stated that the student needed an Out of General Education setting and urged the hearing officer to deny the DCPS motion for a DISMISSAL and proceed herewith admitting the January 17, 2006 MDT meeting notes and other post December 9, 2005 documentation, Parent Documents Nos 8-13, as evidence.

The hearing officer declined to conduct a hearing knowing at the beginning that evidence not existing at the time the complaint was filed was to be admitted into evidence during the hearing.

The hearing officer noted that all of the violation alleged against DCPS herein were restated against DCPS in the January 25, 2006 Complaint.

In consideration of the foregoing, the hearing officer made the following

## ORDER

The herein December 9, 2005 Complaint is joined with the Complaint filed in this matter January 25, 2006

This is **THE FINAL ADMINISTRATIVE DECISION**. Appeal can be made to a court of competent jurisdiction within ninety (90) days of the issue date of this decision.

Date: February 24, 2006

H. St. Clair, Esq., Hearing Officer

Issued: 2/24/06

Student Hearing Office, DCPS

2 of 2 pages

**Peak v. District of Columbia, Civ. No. 06-0373**    # APPENDIX  8



**DISTRICT OF COLUMBIA**
**PUBLIC SCHOOLS**

*Office of the Superintendent*
**Office of the General Counsel**
*825 North Capitol Street, N.E., 9ᵗʰ Floor*
202-442-5000   Fax # 202-442-5098
*www.k12.dc.us*

March 3, 2006

Mr. Smith, Esq.
Hearing Officer
Student Hearing Office
DCPS Office of Compliance
825 North Capitol, N.E.
Washington, D.C. 20002

**HEARING SET MARCH 21, 2006 AT 3:00PM.**

### DISTRICT OF COLUMBIA PUBLIC SCHOOLS

### SPECIAL EDUCATION

### ADMINISTRATIVE DUE PROCESS HEARING OFFICE

| | |
|---|---|
| **In the Matter of** | * |
| **Michael Peak** | * |
| | * |

*********************************************************************

## MOTION TO REMOVE THE HEARING FROM THE HEARING SCHEDULE

Now comes, DCPS, through, Tiffany Puckett, DCPS Attorney Advisor, requesting that the hearing set for March 21, 2006 at 3:00 pm, be removed from the schedule.  Parent has refused to participate in a resolution meeting for this matter.  DCPS has made attempts to convene a resolution meeting with the parent in order to discuss the issues in this case.  DCPS is on it's Fourth Attempt to schedule the resolution meeting.  There was a resolution meeting scheduled for 2-24-06; however it did not go forward because Parent's attorney showed up, without giving DCPS notice and insisted that the meeting would not go forward unless it was tape recorded.  DCPS had no notice of the Attorney's attendance or request that the meeting be tape recorded.  DCPS has made attempts to reschedule this meeting.  DCPS is not waiving the required resolution meeting in this matter; and we request that the hearing not go forward on March 21,

---

*Children First*

DCPS Office of the General Counsel
Page 2

2006 at 3:00pm.  A copy of this motion has been forwarded to Parent's Counsel.  Please see attached fax confirmation, resolution meeting notes, resolution telephone contact log, letters of invitation, and letters to parent's advocate.

Respectfully Submitted,

Tiffany Puckett
Attorney Advisor

Cc:  Doug Tyrka, Esq.

## CERTIFICATE OF SERVICE

I, Tiffany Puckett, Esq., hereby certify that a copy of this Motion to Remove from the Hearing Schedule was served on March 3, 2006 on Doug Tyrka, Esq., via facsimile at 202/265-4264.

Tiffany Puckett, Esq.
Attorney Advisor
Office of the General Counsel
District of Columbia Public Schools
Telephone # 202-442-5184
Fax # 202-442-5097/8

*Children First*

Peak v. District of Columbia, Civ. No. 06-0373        **APPENDIX   9**

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## STATE ENFORCEMENT & INVESTIGATONS DIVISION

David R. Smith, Due Process Hearing Officer
825 North Capitol Street, 8th Floor, N.E.
Washington, DC 20002
(202) 442-5432 (phone); (202) 442-5556(fax)

| | | |
|---|---|---|
| In the Matter of | ) | **IMPARTIAL DUE PROCESS** |
| | ) | |
| Michael Peak ("Student") | ) | **HEARING OFFICER'S** |
| Date of Birth: December 23, 1996 | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Held at:  825 North Capitol Street, NW |
| | ) | 8th Floor |
| | ) | Washington, DC 20002 |
| District of Columbia Public Schools | ) | |
| 825 North Capitol Street, NW | ) | School of Attendance: |
| Washington, DC 20002 | ) | Malcolm X ES |
| ("DCPS" or "District") | ) | |
| | ) | |
| | ) | Complaint filed: |
| Respondent. | ) | January 25, 2006 |

### RESPONDENT'S MOTION TO REMOVE THE
### HEARING FROM THE HEARING SCHEDULE

Parent's Representative:                Douglas Tyrka, Esq.
1726 Connecticut Ave.,
Suite 400
Washington, DC 20002

Counsel for DCPS:                Tiffany Puckett, Esq.
District of Columbia Public Schools,
9th Floor
825 North Capitol Street, NW
Washington, DC 20002

**SUMMARY:**

1.    A Due Process Hearing is presently scheduled for March 21, 2006 at 3:00 p.m. concerning Petitioner's allegations of a denial of FAPE by DCPS.

2.    The Hearing Officer is in receipt of Respondent's "Motion to Remove the Hearing from the Hearing Schedule" filed March 3, 2006, on the basis that the parent and/or counsel for the parent has refused to participate in a resolution session meeting that Respondent attempted to schedule.  Attached

1

to the Motion were a copy of the "Resolution Meeting Notes," "DCPS IDEA Complaint-Resolution Process Telephone Contact Log" reflecting the attempts by DCPS to convene a resolution session meeting and copies of letters of invitation to the parent to attend a resolution session meeting.

3.    The IDEIA discusses the importance of a resolution session in 20 U.S.C. § 1415(f)(1)(B)(i):

> **"Prior to the opportunity for an impartial due process hearing** under subparagraph (A), the local educational agency **shall convene a meeting with the parents** and the relevant member or members of the IEP Team who have specific knowledge of the facts identified in the complaint..."

> (Emphasis added)

4.    The obvious purpose of the resolution session is to resolve the issues presented in a complaint and thus avoid a Due Process Hearing:

> "where the parents of the child discuss their complaint, and the facts that form the basis of the complaint, and the local educational agency is provided the opportunity to resolve the complaint..."

> 20 U.S.C. § 1415(f)(1)(B) (i) (IV)

5.    Accordingly, the IDEIA makes it clear that a resolution session is to be held before a Due Process Hearing is convened and that the "parent " is one of the parties who must participate in the meeting. Furthermore, a parent may be accompanied by and advocate and/or attorney, but in such an event, the LEA is to be notified so that its attorney may be present; otherwise, the LEA's attorney is not to be a participant.

**ORDER:**

1.    Petitioner shall respond to the Motion by March 10, 2006.

2.    By March 10, 2006, the parties shall have agreed to a date for holding the resolution session meeting, or if not, submit a response to the undersigned as to why the meeting has not been scheduled.

SIGNED: this date __3-6-06__

Issue Date: __3|6|06__

David R. Smith, Esq.
Impartial Special Education Hearing Officer

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
# STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



### *FACSIMILE SHEET*

Date:  March 6, 2006

TO:   Douglas Tyrka

FROM:  STUDENT HEARING OFFICE

RE:   Peak, Michael

TOTAL NUMBER OF PAGES, INCLUDING COVER: 3

COMMENTS:

*CONFIDENTIALITY NTOICE*.  The information accompanying this facsimile is intended only for the use of the individual or entity named above.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

TRANSMISSION VERIFICATION REPORT

```
                                    TIME : 03/06/2006 14:46
                                    NAME : STUDENT HEARINGS OFF
                                    FAX  : 2024425556
                                    TEL  : 2024425432
                                    SER.# : BROH3J508601
```

```
DATE,TIME               03/06  14:45
FAX NO./NAME            92022654264
DURATION                00:00:50
PAGE(S)                 03
RESULT                  OK
MODE                    STANDARD
                        ECM
```

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
## STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date:  March 6, 2006

TO:   Douglas Tyrka

FROM:  STUDENT HEARING OFFICE

RE:  Peak, Michael

TOTAL NUMBER OF PAGES, INCLUDING COVER: 3

COMMENTS:

Peak v. District of Columbia, Civ. No. 06-0373    **APPENDIX  10**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| SHADONNA SPENCER, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 05-2439 (RMU) |
| | : | | |
| v. | : | Document No.: | 2 |
| | : | | |
| DISTRICT OF COLUMBIA *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

**DENYING THE PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

**I. INTRODUCTION**

This case comes before the court on the plaintiff's motion for a preliminary injunction.
The plaintiff alleges that the defendants, the District of Columbia and the District of Columbia
Public Schools ("DCPS"), violated the Individuals with Disabilities Education Act ("IDEA"), 20
U.S.C. §§ 1400 *et seq.*  The plaintiff moves the court for injunctive relief to reverse the
defendants' alleged denial of a due process hearing.  Because the defendants have not denied the
plaintiff's request for a due process hearing, the court denies the plaintiff's motion for a
preliminary injunction.

**II. BACKGROUND**

The plaintiff brings this suit on behalf of her minor son, a special education student in the
District of Columbia.  Compl. ¶¶ 9, 15.  Believing that her minor son's individualized education

plan ("IEP")[1] does not meet her son's needs, the plaintiff requested an administrative due

process hearing on December 6, 2005. Pl.'s Mot. at 5-6. In response to the plaintiff's request

for an administrative due process hearing, the defendants scheduled a resolution meeting[2] for

December 21, 2005. *Id.* at 7; Defs.' Opp'n at 6. On December 14, 2005, the plaintiff spoke to

an official at her son's school and stated that she wished to withdraw the request for a due

process hearing and that she did not want to proceed with the resolution session. Defs.' Opp'n at

6.

Later, however, the plaintiff renewed her request for a due process hearing. Pl.'s Mot. at

9; Defs.' Opp'n at 7. The defendants received the plaintiff's renewed request for a due process

hearing on December 21, 2005. Defs.' Opp'n at 7. The defendants subsequently scheduled a

resolution session for January 2006. Defs.' Opp'n at 7. The plaintiff filed suit in this court to

compel the defendants to schedule a due process hearing instead of a resolution session. The

court now turns to the plaintiff's motion.

---

[1]    The purpose of the Individuals with Disabilities Education Act ("IDEA") is to provide disabled children with "a free appropriate public education," and "to ensure that the rights of children with disabilities and parents of such children are protected." 20 U.S.C. § 1400(d). To that end, the parents or legal guardians, teachers, school district and other professionals (collectively, the "IEP team") meet annually to design a comprehensive individualized education program ("IEP") tailored to each disabled child's needs. 20 U.S.C. § 1414(d). The IEP "sets forth the child's educational level, performance, and goals," and it "is the governing document for all educational decisions concerning the child." *Bd. of Educ. of Cmty High Sch. Dist. No. 218 v. Il. State Bd. of Educ.*, 103 F.3d 545, 546 (7th Cir. 1996); *see also Spilsbury v. Dist. of Columbia*, 307 F. Supp. 2d 22, 25 (D.D.C. 2004) (stating that the IDEA requires that an IEP "include a statement of needs, services, learning aids, and programs that should be made available to the student").

[2]    "In 2004, Congress added a mandatory 'resolution session' prior to any due process hearing." *Schaffer ex rel. Schaffer v. Weast*, 126 S. Ct. 528, 535 (2005) (citing 20 U.S.C. § 1415(f)(1)(B)).

## II. ANALYSIS

### A. Legal Standard for Injunctive Relief

This court may issue interim injunctive relief only when the movant demonstrates:

(1) a substantial likelihood of success on the merits, (2) that it would suffer irreparable injury if the injunction is not granted, (3) that an injunction would not substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction.

*Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1066 (D.C. Cir. 1998) (quoting *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 746 (D.C. Cir. 1995)); *see also World Duty Free Americas, Inc. v. Summers*, 94 F. Supp. 2d 61, 64 (D.D.C. 2000). It is particularly important for the movant to demonstrate a substantial likelihood of success on the merits. *Cf. Benten v. Kessler*, 505 U.S. 1084, 1085 (1992) (per curiam). Indeed, absent a "substantial indication" of likely success on the merits, "there would be no justification for the court's intrusion into the ordinary processes of administration and judicial review." *Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 38 F. Supp. 2d 114, 140 (D.D.C. 1999) (internal quotation omitted).

The four factors should be balanced on a sliding scale, and a party can compensate for a lesser showing on one factor by making a very strong showing on another factor. *CSX Transp., Inc. v. Williams*, 406 F.3d 667 (D.C. Cir. 2005) (citing *CityFed Fin. Corp.*, 58 F.3d at 747). "An injunction may be justified, for example, where there is a particularly strong likelihood of success on the merits even if there is a relatively slight showing of irreparable injury." *CityFed Fin. Corp.*, 58 F.3d at 747.

Moreover, the other salient factor in the injunctive-relief analysis is irreparable injury. A movant must "demonstrate at least 'some injury'" to warrant the granting of an injunction.

3

*CityFed Fin. Corp.*, 58 F.3d at 747 (quotation omitted).  Indeed, if a party makes no showing of irreparable injury, the court may deny the motion for injunctive relief without considering the other factors.  *Id.*

Because interim injunctive relief is an extraordinary form of judicial relief, courts should grant such relief sparingly.  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).  As the Supreme Court has said, "[i]t frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  *Id.* (citation omitted).  Therefore, although the trial court has the discretion to issue or deny a preliminary injunction, it is not a form of relief granted lightly.  In addition, any injunction that the court issues must be carefully circumscribed and tailored to remedy the harm shown.  *Nat'l Treasury Employees Union v. Yeutter*, 918 F.2d 968, 977 (D.C. Cir. 1990) (citation omitted).

### B. The Court Denies the Plaintiff's Motion for a Preliminary Injunction

Because the plaintiff has not made the requisite showing on three parts of the preliminary injunction test, substantial likelihood of success on the merits, irreparable harm, and public interest, the court denies the plaintiff's motion.  The preliminary injunction factors are discussed individually below.

### 1. The Plaintiff Fails to Show a Substantial Likelihood of Success on the Merits

The plaintiff contends that the defendants violated the IDEA because: (1) the defendants cancelled the December 21, 2005 resolution session when the plaintiff withdrew her original due process complaint on December 14, 2005; and (2) the defendants scheduled a resolution session for January 2006, even though the plaintiff requested a due process hearing in her renewed due process complaint.  Pl.'s Mot. at 10.  The defendants argue that the court should deny the

plaintiff's motion because "the prescribed timetables" for processing the plaintiff's request for a

hearing have not yet expired. Defs.' Opp'n at 9. In other words, the defendants argue that the

plaintiff has not yet exhausted her administrative remedies. The court agrees.

### a. Legal Standard for Exhaustion of Administrative Remedies under IDEA

Congress enacted IDEA "to ensure that all children with disabilities have available to

them a free appropriate public education that emphasizes special education and related services

designed to meet their unique needs and prepare them for employment and independent living."

*Calloway v. Dist. of Columbia*, 216 F.3d 1, 3 (D.C. Cir. 2000) (quoting 20 U.S.C. §

1400(d)(1)(A)). Under IDEA, school districts must develop IEPs to meet the special educational

needs of disabled students. *Id.* (citing 20 U.S.C. § 1414(d)). The IEP must include "a statement

of the child's present levels of educational performance[,] a statement of measurable annual

goals, [and] a statement of the special education and related services . . . to be provided to the

child." *Id.* As a procedural safeguard, IDEA affords parents the right to examine all records

regarding their child's disability and to participate in meetings regarding the child's

identification, evaluation, and educational placement. 20 U.S.C. § 1415(b)(1). If a parent

objects to the child's identification, evaluation, or educational placement, the parent may request

a due-process hearing before a hearing officer. *Calloway*, 216 F.3d at 3 (citing 20 U.S.C. §§

1415(b)(6), (f)(1)). A parent who is aggrieved by a hearing officer's determination ("HOD")

may bring suit in state or federal court. *Id.* (citing 20 U.S.C. § 1415(i)(2)).

The administrative process set forth by IDEA is not "just an optional stop on the way to

court." *Andersen by Andersen v. Dist. of Columbia*, 877 F.2d 1018, 1025 (D.C. Cir. 1989).

Rather, the philosophy underpinning IDEA requires a plaintiff to exhaust administrative

remedies before turning to the courts. *Cox v. Jenkins*, 878 F.2d 414, 418 (D.C. Cir. 1989). As

the D.C. Circuit has pointed out,

> [t]he exhaustion doctrine serves several important purposes: it prevents courts
> from interrupting the administrative process permanently; it allows the agency to
> apply its specialized expertise to the problem; it gives the agency an opportunity
> to correct its own errors; it ensures that there will be a complete factual record for
> the court to review; and it prevents the parties from undermining the agency by
> deliberately flouting the administrative process.[3]

*Id.* at 419. Under IDEA, a plaintiff's failure to exhaust administrative remedies deprives the

court of authority to hear the suit. 20 U.S.C. § 1415(c), (e); *Rann v. Chao*, 346 F.3d 192, 195

(D.C. Cir. 2003) (noting that the circuit treats exhaustion as a jurisdictional requirement in IDEA

cases); *Cox*, 878 F.2d at 422 (concluding that the district court "had no authority to hear" a suit

in which the plaintiffs had failed to exhaust their remedies); *Lemon v. Dist. of Columbia*, 920 F.

Supp. 8, 10 (D.D.C. 1996) (stating that exhaustion "is a jurisdictional prerequisite to any claim

for judicial relief arising out of the IDEA"). Only 'where exhaustion would be futile or

inadequate" may a plaintiff bypass the administrative process and proceed to court. *Cox*, 878

F.2d at 419 (citing *Honig v. Doe*, 484 U.S. 305, 326-27 (1988)). The plaintiff bears the burden

of showing futility or inadequacy. *Id.*; *Moss v. Smith*, 794 F. Supp. 11, 13 (D.D.C. 1992).

### b. The Plaintiff Failed to Exhaust Administrative Remedies

The plaintiff is unlikely to success on the merits because she has not exhausted her

administrative remedies and because she has not shown that exhaustion would be futile or

inadequate. The plaintiff's motion implies that it would be futile to continue pursuing an

---

[3] The Second Circuit has explained that

> [IDEA's] exhaustion requirement is predicated on Congress's belief, expressed through the
> statutory scheme, that administrative agencies can "get it right": that the agencies themselves
> are in the optimal position to identify and correct their errors and to fine-tune the design of
> their programs.

*Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist.*, 288 F.3d 478, 489 (2d Cir. 2002).

administrative remedy because the defendants allegedly cancelled her due process hearing.

When a parent files a due process complaint, the local educational agency (in this case,

defendant DCPS) "shall convene a meeting with the parents and the relevant member or

members of the IEP team" within 15 days of receiving notice of the parent's complaint, unless

the parents and the local educational agency both agree in writing to waive the meeting. 20

U.S.C. § 1415(f)(1)(B). This mandatory preliminary meeting is called a "resolution session."

*Schaffer ex rel. Schaffer v. Weast*, 126 S. Ct. 528, 535 (2005) (citing 20 U.S.C. § 1415(f)(1)(B)).

If the local educational agency cannot resolve the complaint to the parent's satisfaction after the

resolution session, the parent is entitled to a due process hearing. 20 U.S.C. § 1415(f)(1)(B)(ii).

In the instant case, the plaintiff filed her first request for a due process hearing on

December 6, 2005. Pl.'s Mot. at 5. In response to the plaintiff's request for a due process

hearing, the defendants scheduled a resolution session for December 21, 2005. *Id.* at 7. The

plaintiff then approached the defendants[4] and stated that she did not want to proceed with the due

process complaint and the resolution meeting. Defs.' Opp'n at 6. The plaintiff also wrote a

statement expressing her wish to withdraw her due process complaint. *Id.* at 6-7. Accordingly,

the defendants cancelled the resolution meeting. Pl.'s Mot. at 10.

On December 21, 2005, the defendants received a letter from the plaintiff renewing her

due process complaint. Defs.' Opp'n at 7. In response to the plaintiff's renewed due process

---

[4]       The plaintiff's attorney also makes some allegations that the defendants communicated
with the plaintiff without his presence. Pl.'s Mot. at 10. "Prevailing norms of legal practice prevent a
lawyer from communicating with a party, rather than a lawyer." *Moran v. Burbine*, 475 U.S. 412, 464
n.53 (1986). In the case at bar, however, the plaintiff does not deny that it was the plaintiff herself that
approached officials at DCPS to withdraw her request for a due process hearing. Because "parties to a
matter may communicate directly with each other," D.C. RULES OF PROF'L CONDUCT R. 4.2 cmt. 1,
plaintiff counsel's allegations that the defendants improperly communicated with the plaintiff are without
merit.

complaint, the defendants scheduled a resolution session for January 2006.  *Id.*  The plaintiff,

however, contends that the deadline for the resolution meeting was December 21, 2005.  Pl.'s

Reply at 2.  Because the deadline for the resolution session has passed, the plaintiff reasons that

the defendants have violated her due process rights.  Pl.'s Mot. at 9.

The plaintiff does not cite any legal authority to support her position that the defendants

improperly cancelled the December 21, 2005 resolution session after she requested that her

complaint be withdrawn.[5]  Indeed, the plaintiff's position defies common sense, for it would

basically require the defendants to hold a resolution session or a due process hearing to assess

the propriety of an IEP even when a parent withdraws her challenge to that IEP.  Further, the

plaintiff cites no legal authority for her implied proposition that the defendants must bypass the

statutorily required resolution session simply because she "rejected mediation and demanded an

impartial due process hearing."  Pl.'s Reply at 4.  Indeed, the IDEA contravenes the plaintiff's

belief that the defendants may schedule a due process hearing without first scheduling the

preliminary resolution meeting.  20 U.S.C. § 1415(f)(1)(B)(i) (stating that "[p]rior to the

opportunity for an impartial due process hearing . . . the local educational agency shall convene a

[resolution] meeting with the parents and the relevant member or members of the IEP Team").

Moreover, assuming *arguedo* that the defendants did not comply with the applicable time

limits for scheduling a resolution session, the court would nevertheless deny the plaintiff's

_____

[5]      The plaintiff cites *Patsel et al. v. Dist. of Columbia Bd. of Educ.*, 522 F. Supp. 535, 537
(D.D.C. 1981) for the proposition that she is entitled to a due process hearing within five days of her due
process complaint.  Contrary to the plaintiff's assertion, however, this case is not analogous to the present
situation.  In *Patsel*, the court ordered the defendants to schedule a due process hearing within five days
of the court's order after the defendants refused to schedule a due process hearing.  In the present case,
however, the defendants have not refused to schedule a due process hearing.  Indeed, the defendants have
processed the plaintiff's renewed complaint and have already scheduled the required preliminary
resolution session.

request to compel the defendants to schedule a due process hearing because the deadline for a

due process hearing has not passed. 20 U.S.C. §1415(f)(1)(B)(ii); 34 C.F.R. § 300.511(a);

*Blackman v. Dist. of Columbia*, 277 F. Supp. 2d 89 (D.D.C. 2003) (stating that DCPS is

"required to provide administrative due process hearings within 45 days of the receipt of a

request for such a hearing"). Because the plaintiff renewed her due process complaint on

December 21, 2005, the deadline for a due process hearing has not passed. Accordingly, the

plaintiff has failed to exhaust administrative remedies. *See also Massey v. Dist. of Columbia*,

2005 WL 2885510 at *4 (D.D.C. Nov. 3, 2005) (stating that the exhaustion requirement may be

waived "only in the most exceptional circumstances") (quoting *Randolph-Sheppard Vendors of

Am. v. Weinberger*, 795 F.2d 90, 106 (D.C. Cir. 1986)). The court therefore concludes that the

plaintiff is unlikely to succeed on the merits of her case.

### 2. The Plaintiff Fails to Show Irreparable Harm

The plaintiff's claim of irreparable harm is based on the defendants' alleged denial of a

due process hearing. Pl.'s Mot. at 22. But, as explained *supra*, presently the plaintiff has not

exhausted her administrative remedies, and the defendants have not violated the plaintiff's right

to a due process hearing. Indeed, the defendants are processing the plaintiff's renewed due

process complaint in the statutorily-required manner. The plaintiff, in short, fails to show that

she will suffer irreparable harm if her motion is denied. *Massey*, 2005 WL 2885510 at *9

(determining that a plaintiff would suffer irreparable harm where there is "no assurance that

DCPS is able to follow procedural timelines required in the IDEA"); *see also Wis. Gas Co. v.

F.E.R.C.*, 758 F.2d 669, 675 (D.C. Cir. 1985) (stating that "it would be difficult to conclude that

irreparable injury would occur" where the petitioners claims of injury were merely hypothetical).

9

### 3. A Preliminary Injunction Might Substantially Injure Other Interested Parties

The plaintiff argues that "there can be no harm in granting relief that simply requires the

government to meet their [sic] undisputed legal obligations and provide plaintiff a due process

hearing." Pl.'s Mot. at 22. But, the court's interference in a situation where the plaintiff has not

exhausted administrative remedies "undermin[es] the [defendants] by deliberately flouting the

administrative process." *Cox*, 878 F.2d at 419. Although granting the plaintiff's motion might

undermine the defendant and deprive it of an opportunity to "apply its specialized expertise" and

"to correct its own errors," *id.*, the court cannot determine with certainty whether these

consequences constitute a harm great enough to cause substantial injury to the defendants.

Because it is unclear whether the court's assertion of jurisdiction would substantially injure the

defendants, the court cannot determine whether granting the plaintiff's motion substantially

injures other interested parties.

### 4. The Plaintiff Fails to Show that a Preliminary Injunction is in the Public Interest

The plaintiff argues that "the public interest clearly is served by ensuring that officials of

the government are consistently within the law." Pl.'s Mot. at 23. The court, however, agrees

with the defendants' argument that a "grant of the relief requested here would represent a major

disruption of a carefully crafted legislative scheme for evaluating special education students,

developing their IEPs, and conducting an administrative review of disputed IEPs."[6] Defs.'

---

[6]     Where "the moving party seeks a preliminary injunction that will affect 'government
action taken . . . pursuant to a statutory or regulatory scheme, the injunction should be granted only if the
moving party meets the more rigorous likelihood-of-success standard.'" *No Spray Coal.,Inc. v. City of
New York*, 252 F.3d 148, 150 (2d Cir. 2001) (citing *Beal v. Stern*, 184 F.3d 117, 122 (2d Cir.1999)). As
discussed *supra*, however, the plaintiff has not demonstrated a likelihood of success because she has not
exhausted her administrative remedies.

Opp'n at 15.  Stated differently, "[r]esort to the administrative process is a desirable alternative to litigation in the federal courts." *Cox*, 878 F.2d at 419.  Accordingly, the court concludes that issuing a preliminary injunction is not in the public interest.

## IV.  CONCLUSION

For the foregoing reasons, the court denies the plaintiff's motion for a preliminary injunction.  An order consistent with this Memorandum Opinion is issued the 11th day of January, 2006.

RICARDO M. URBINA
United States District Judge

11

**Taptich, Edward (OAG)**

| | |
|---|---|
| **From:** | DCD_ECFNotice@dcd.uscourts.gov |
| **Sent:** | Wednesday, January 11, 2006 5:59 PM |
| **To:** | DCD_ECFNotice@dcd.uscourts.gov |
| **Subject:** | Activity in Case 1:05-cv-02439-RMU SPENCER v. DISTRICT OF COLUMBIA et al "Memorandum & Opinion" |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* There is no charge for viewing opinions.**

### U.S. District Court

### District of Columbia

Notice of Electronic Filing

The following transaction was received from lcrmu2, entered on 1/11/2006 at 5:58 PM EDT and filed on 1/11/2006

**Case Name:**    SPENCER v. DISTRICT OF COLUMBIA et al
**Case Number:**    1:05-cv-2439
**Filer:**
**Document Number:** 9

**Docket Text:**
MEMORANDUM OPINION. Signed by Judge Ricardo M. Urbina on 1/11/06. (md)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** Spencer v DCPS Mem Op.pdf
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=1/11/2006] [FileNumber=991460-0]

[617fff6eda47bff4907e50c0ec52cb7fea47f65e2c21e88de1d820e7ec900de01fb1b e2b60745887442f2d0567b288e84632a4e08414ee153907e506b1c91ee9]]

**1:05-cv-2439 Notice will be electronically mailed to:**

Roy Carleton Howell    professorhowell1954@yahoo.com

Veronica A. Porter    veronica2.porter@dc.gov, edward.taptich@dc.gov

**1:05-cv-2439 Notice will be delivered by other means to:**