TYRKA & HOUCK, LLP
1726 Connecticut Ave., NW, Suite 400
Washington, DC 20009
(202) 265-4260 (ph)
(202) 265-4264 (fax)

November 14, 2005

All DCPS Attorneys
DCPS Office of the General Counsel
District of Columbia Public Schools
825 North Capitol Street, N.W.
Washington, D.C. 20002

Re: **ETHICS COMPLAINT – PLEASE READ**

Dear Attorney:

As you are probably aware, every due process complaint filed by this firm makes clear that contacts regarding the case are to go to this office. As you are also probably aware, every time we file a complaint we send a letter to the DCPS OGC notifying you that we explicitly object to any communication with our client regarding the case from your office **or from any DCPS employee with your office's knowledge.**

Despite our efforts, DCPS continues to contact our clients directly to schedule resolution meetings. In addition, DCPS representatives regularly do the following:
- upon being told by a client that the client wishes this office to handle scheduling, refusing to contact this office;
- telling clients that it is against the law for the DCPS representative to talk to this office;
- upon being contacted by this office, refusing to speak with anyone here.

You of course know that the Rules of Professional Conduct prohibit any attorney from contacting a represented opposing party directly without the opposing attorney's permission. Obviously, the Rules also prohibit an attorney from causing another to make the contact on the attorney's behalf.

In addition to those prohibitions, Rule 4.2 prohibits direct communications from institutional clients if the attorney of the communicating party is aware of the communication and has approved the communication. On this point, I strongly encourage you to read *Cobell v. Norton*, 212 F.R.D. 14 (D.D.C. 2002).

There is no question that the DCPS OGC is aware of the communications, and in fact has specifically instructed DCPS personnel to engage in them. It is also clear that each of you individually is aware of the communications. I have heard DCPS attorneys argue on and

1

**Attachment 4**

p.19

off the record that this behavior is perfectly acceptable. On at least one occasion, the scheduling contact with the client was made by a DCPS attorney, in writing.

Though specific intent is not an element of Rule 4.2, we have no doubt that this behavior is part of a general DCPS strategy to exclude attorneys from all aspects of IDEA proceedings.

In our letter to the DCPS OGC regarding each of our complaints, we alert the OGC that we will treat any unauthorized communication as a breach of Rule 4.2 and the IDEA's rights to counsel. This is now our final warning to all of you that we will report your behavior to bar counsel if theses communications continue. I will make the complaint upon hearing of any such communication from here on.

We have no desire to make the complaint. We do not take bar counsel complaints lightly. We are also aware that the OGC policy of causing and permitting these communications may be outside of the control of most of you. However, because every attorney has independent ethical obligations, each of you is responsible if you do nothing to stop this behavior.

Sincerely,

Douglas Tyrka

2