**TYRKA & HOUCK, LLP**
1726 Connecticut Ave., NW, Suite 400
Washington, DC 20009
(202) 265-4260 (ph)
(202) 265-4264 (fax)

November 22, 2005

Quinne Harris-Lindsey
Acting Supervisory Attorney Advisor
District of Columbia Public Schools
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002
By fax: (202) 442-5098

Dear Ms. Harris-Lindsey:

I am in receipt of your letter of November 14, 2005. Yours is the only response I have received to my letter, and you appear to speak for the DCPS OGC in this matter. However, I am requesting that this letter be copied to all OGC attorneys because this matter involves many of them.

First, I will address your request that you be advised of DCPS staff's refusal to contact us when requested. In each of our complaints filed under the new law, our client has specifically requested that communications go through counsel, and DCPS has nonetheless declined to contact us. Additionally, every time that a parent, upon being contacted by DCPS staff regarding a resolution meeting, has referred the DCPS contact to us, the person has refused to contact us. I reiterate: this has happened every time. My "evidence" consists of the unsolicited complaints of our clients; I'm not going to put them all in affidavit form unless and until it becomes necessary.

You refer to "DCPS' November 1, 2005 letter" addressing this issue. No one in our offices has seen any such letter. If it was addressed to us, I would appreciate if you would fax it to us.

The idea that the IDEA requires DCPS to avoid counsel and contact the parent directly, despite clear notice in multiple forms that the parent wishes to communicate through counsel, is ridiculous. Statutes and rules regularly refer to contact with or service upon parties. Such contact may be performed through counsel, and in most cases must involve counsel in accordance with Rule 4.2. It is impossible to imagine a situation in which DCPS would suffer some liability as a result of working with a parent's attorney instead of with the parent directly.

That thin rationalization will not veil DCPS' true motive from anyone, including bar counsel. Anyone can see that DCPS seeks to negotiate directly with unsophisticated parties without allowing them the benefit of their chosen counsel.

Attachment 6

Your letter makes clear that DCPS' direct communications to our clients against their wishes are pursuant to a policy designed and/or approved by the OGC. Your letter also makes clear that the OGC intends to continue its unethical behavior. Accordingly, rather than wait for your office to harm my clients further, I will report the OGC to bar counsel on November 28, 2005, if you do not inform me of a change in DCPS policy.

Sincerely,

Douglas Tyrka