UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ALICE PEAK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 06-0373 (JGP) |
| DISTRICT OF COLUMBIA, | ) ) ) |
| Defendant. | ) ) |

**DEFENDANT'S SUPPLEMENT TO ITS MARCH 8, 2006,
OPPOSITION TO PLAINTIFF'S MOTION FOR
<u>TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION</u>**

On the day before the hearing conference held March 9, 2006, the Plaintiff filed a Reply to the Defendant's March 8, 2006, Opposition to the Plaintiff's motion for temporary restraining order and preliminary injunction. At the hearing conference, many of the matters raised in the Plaintiff's Reply were addressed.

However, one matter asserted in the Reply, and repeated in Plaintiff's counsel's presentation on March 9, appears not directly to have been addressed. In light of the lack of any positive result from the meeting held with Plaintiff's counsel yesterday, and because it may be of significance in the Court's consideration of the pending motion, the Defendant submits the following brief additional response to the Plaintiff's March 8 Reply.

Prominent at the outset of the Reply (p. 1), and repeated at the March 9 hearing conference, is the assertion that "DCPS has never proposed an alternative school placement and has refused to consider Ms. Peak's proposed placement."

It should be emphasized that, following the evaluations initiated in November of 2005 – the completion of which was agreed to by the Plaintiff on December 22, 2005, and was a necessary predicate to arriving at a new location for the student – DCPS was unable to "propose" any placement alternative for the student's current location to the Plaintiff because either of counsel's behavior aborting the February 24, 2006, resolution meeting, or of the Plaintiff's continued refusal to attend other meetings where such alternatives were to be considered.  But there should be no doubt that DCPS was prepared to consider and to discuss alternative locations with the Plaintiff, and that such matters had been communicated to the Plaintiff's counsel and/or the student's educational advocate (an independent contractor, we are told, of counsel's law firm).

Attached to the Defendant's Opposition as Appendix 5 was a telephone contact log indicating that Ms. Gregory, a Special Education Coordinator at Malcolm X Elementary School, on February 6, 2006, had in fact indicated to the Plaintiff at a Parent-Teacher conference "that Moten Center was offered through Site review and that [she] would [so] inform Ms. Millis," the educational advocate.  The same log shows that telephone communications did indeed occur between Ms. Gregory and Ms. Millis later that day.  And indeed counsel's associated educational advocate was aware of Moten Center being a possible location – although, true to form, objecting to anyone at DCPS communicating any such information to anyone other than counsel or his contract advocate.  See attached declaration of Ms. Gregory.  In addition, of course, DCPS' February 6, 2006, pre-hearing disclosure statement listed DCPS' intention to call the Principal of Moten Center as a witness in the then-scheduled due process hearing.  See attached February 6, 2006, Disclosure Statement.

It has only been Plaintiff's legal posturing that has prevented a discussion – and, in the normal course, a resolution – of the student's new placement. Given the regrettable failure of discussions between the DCPS personnel and Plaintiff's counsel yesterday, DCPS has once more attempted to convene a "placement and resolution meeting" for the student. See attached DCPS March 14, 2006, letter to Plaintiff's counsel.

It should be clearly understood, therefore, that while the Plaintiff has indeed requested Rock Creek Academy for a number of months (a demand the propriety of which is already at issue in the earlier complaint filed by Plaintiff with this Court (<u>Peak v. District of Columbia,</u> Civ. No. 05-1912 (JGP)), DCPS has indeed been prepared to discuss alternatives to the student's current placement, and has indicated Moten Center as one appropriate alternative to the Plaintiff's demand for her preferred private school. The process of the student's relocation could well have been accomplished by this time except for the stridently non-cooperative approach taken by Plaintiff's counsel – a matter already specifically addressed in the administrative decision that is the subject of the pending complaint in Civ. No. 05-1912.

        Respectfully submitted,

        ROBERT J. SPAGNOLETTI
        Attorney General for the District
        of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        */s/ Edward P. Taptich*_____
        EDWARD P. TAPTICH [#012914]
        Chief, Equity Section 2

                                                          /s/ *Carol E. Burroughs*
                                                          CAROL E. BURROUGHS [#415432]
                                                          Assistant Attorney General
                                                          441 Fourth Street, N.W.
                                                          Sixth Floor South
                                                          Washington, D.C. 20001
                                                          (202) 724-6520

March 15, 2006