# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## STATE ENFORCEMENT & INVESTIGATONS DIVISION

David R. Smith, Due Process Hearing Officer
825 North Capitol Street, 8th Floor, N.E.
Washington, DC 20002
(202) 442-5432 (phone); (202) 442-5556 (fax)

| | |
|---|---|
| In the Matter of ) | **IMPARTIAL DUE PROCESS** |
| ) | |
| Michael Peak ("Student") ) | **HEARING OFFICER'S** |
| Date of Birth: December 23, 1996 ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Held at: 825 North Capitol Street, NW |
| ) | 8th Floor |
| ) | Washington, DC 20002 |
| District of Columbia Public Schools ) | |
| 825 North Capitol Street, NW ) | School of Attendance: |
| Washington, DC 20002 ) | Malcolm X ES |
| ("DCPS" or "District") ) | |
| ) | Complaint filed: |
| Respondent. ) | January 25, 2006 |

### RESPONDENT'S MOTION TO REMOVE THE HEARING FROM THE HEARING SCHEDULE

Parent's Representative:     Douglas Tyrka, Esq.
1726 Connecticut Ave.,
Suite 400
Washington, DC 20002

Counsel for DCPS:     Tiffany Puckett, Esq.
District of Columbia Public Schools,
9th Floor
825 North Capitol Street, NW
Washington, DC 20002

**SUMMARY AND FINDINGS OF FACT:**

1.   A Due Process Complaint Notice was filed in this matter on January 25, 2006. A Due Process Hearing is currently scheduled for March 21, 2006 at 3:00 p.m. concerning Petitioner's allegations of a denial of FAPE by DCPS.

1

2.  On March 3, 2006, Respondent filed a "Motion to Remove the Hearing from the Hearing Schedule," contending that the parent and/or counsel for the parent had refused to participate in resolution session meetings that Respondent attempted to schedule. Attached to the Motion were the following:

   a. A copy of the "Resolution Meeting Notes," dated February 24, 2006;
   b. "DCPS IDEA Complaint-Resolution Process Telephone Contact Log," a three (3) page document reflecting the attempts by DCPS to convene a resolution session meeting with 16 date entries beginning January 27, 2006 and with the last entry dated February 17, 2006;
   c. A "Resolution Meeting Confirmation" notice asking that the parent contact DCPS by close of business February 28, 2006 to select one of three (3) dates for the resolution session meeting – March 2, 3 or 7, 2006;
   d. A Letter of Invitation dated February 24, 2006 listing three (3) dates for holding a resolution meeting, the dates were March 2, 3 and 7, 2006;
   e. A letter to the parent's advocate dated February 24, 2006 offering new meeting dates;
   f. Undated "Resolution Meeting Confirmation" offering March 13, 14, or 16 as dates for convening the meeting;
   g. Letter of Invitation dated March 2, 2006 listing March 13, 14, or 16 as the dates for convening the meeting;
   h. Letter dated March 2, 2006 to the educational advocate offering new meeting dates;

3.  Respondent also stated that the parent had not given it notice that she would be bringing counsel to the resolution session meeting and that Respondent had not agreed with the meeting being tape recorded. In order for the February 24, 2006 meeting to go forward however, Respondent arranged for its counsel to participate in the meeting by telephone. Even so, the meeting still did not continue to resolution because the parties disagreed as to whether or not the meeting should be tape recorded, with Petitioner wanting to continue tape recording the meeting and Respondent objecting to such.

4.  By Order of this Hearing Officer issued March 6, 2006, Petitioner was ordered to respond to Respondent's Motion by March 10, 2006. Also, by March 10, 2006, the parties were ordered to agree to a date for holding the resolution session meeting, or if not, submit a response to the undersigned as to why the meeting had not been scheduled.

5.  Petitioner filed a response as ordered on March 10, 2006 stating, among other things, that the February 24, 2006 meeting did not go forward because Respondent refused to allow counsel to tape record the meeting. Petitioner's counsel enclosed with the response a document identified as the "Verified Statement of Jacqueline Donnell." In the statement signed by Ms. Donnell on March 2, 2006, she states that she was requested by Petitioner's counsel to transcribe the audiotape of the February 24, 2006 meeting and did so with the assistance of counsel who she states identified each speaker.

2

6. Respondent also filed a response to the Hearing Officer's Order stating that on March 2, 2006, Petitioner had filed for a Temporary Restraining Order ("TRO").[1] Also, that the Judge ordered the parties to participate in a resolution meeting on Tuesday, March 14, 2006 at 11:00 a.m. Furthermore, Respondent attached to its March 10, 2006 filing a copy of a letter dated March 7, 2006 from counsel for Petitioner setting as conditions precedent for a resolution meeting:

> "1) that DCPS agrees that no testimony or other evidence regarding the substance of a resolution meeting in this case will be offered as evidence at any proceeding; or 2) that DCPS agrees to the tape or digital recording of a resolution meeting in this case."

7. As of the date of the issuance of this Order, the undersigned has not received from either party information concerning the TRO or the Court Ordered resolution meeting, other than what Respondent refers to in her March 10, 2006 response.

**DISCUSSION:**

1. The undersigned addresses the tape recording of the resolution meeting first since it is simple to resolve. This Hearing Officer is not aware of any regulation that would prohibit the Petitioner from tape recording a resolution session. In fact, it can be argued that such may be appropriate to ensure that the both parties understand what transpired at the meeting. Therefore, there was no basis for the meeting to not continue for this reason. Even so, it is noted that the statement of Ms. Donnell, does not identify who she is or whether she is a certified court reporter or otherwise trained in transcribing an a tape recording. Such information would be necessary if it was the intent to offer the statement as credible evidence. In any event, rather than to refuse to further participate in the scheduling of a meeting, the proper action would have been to seek a ruling from a Hearing Officer. If such had come to the undersigned, the tape recording of the meeting would have been permitted in the absence of a prohibition to the contrary that Respondent may have relied on.

2. With regard to Petitioner not informing Respondent's representatives that she was bringing her counsel with her to the meeting, the IDEIA makes it clear that the LEA cannot have its attorney present at a resolution session unless and until the parent notifies the LEA that the parent will be accompanied by an attorney. Therefore, it logically follows, that the Respondent should have received prior notice that counsel for Petitioner would be present at the meeting so that Respondent could make arrangements for its attorney to be present at the meeting as well. Even so, Respondent did show good faith on this point by contacting its attorney who was able to participate by telephone. But this should have not been the case, all parties have a right to know who will participate in a meeting.

3. The IDEIA also makes it crystal clear that a resolution session is to be held before a Due Process Hearing is convened and that the "parent" is one of the parties who must participate in the meeting. The IDEIA discusses the importance of a resolution session in 20 U.S.C. § 1415(f)(1)(B)(i):

> **"Prior to the opportunity for an impartial due process hearing under subparagraph (A), the local educational agency shall convene a meeting with the parents and the**

---

[1] Although no documentation was attached to the Motion, it is presumed that the action was filed in the United States District Court for the District of Columbia.

3

relevant member or members of the IEP Team who have specific knowledge of the facts identified in the complaint..."

(Emphasis added)

4. The wording is the statute is significant when it states **"Prior to the opportunity for an impartial due process hearing..."** It is therefore clear that the resolution session is mandatory. Therefore, a logical reading of the IDEIA is that there is a remedy for the failure of the Petitioner to participate in a resolution session and that remedy is to not go forward with the Hearing and to toll timelines until such occurs or the matter dismissed.

(Emphasis added)

5. It therefore logically follows that the Petitioner does not have a right to avoid a resolution session and then proceed to a Due Process Hearing, particularly when there has been a lack of good faith to proceed. The undersigned again notes that Respondent made numerous attempts to convene a resolution session, but the record before the Hearing Officer does not reflect the same good faith on the party of Petitioner to participate in such. If the only thing that prevented the resolution session from going forward was the disagreement over the tape recording, that issue could have been easily resolved by this Hearing Officer as stated above.

6. The IDEIA does allow for a resolution session to be waived and a matter proceed to Hearing, but both parties must agree to the waiver: "unless the parents and the local educational agency agree in writing to waive such meeting. 20 U.S.C. § 1415(f)(1)(B) (i) (IV).

7. It should be stated that the obvious purpose of the resolution session is to resolve the issues presented in a complaint and thus avoid a Due Process Hearing:

> "where the parents of the child discuss their complaint, and the facts that form the basis of the complaint, and the local educational agency is provided the opportunity to resolve the complaint..."

20 U.S.C. § 1415(f)(1)(B) (i) (IV)

8. Based on Respondent's response of March 10, 2006, it is understood that Petitioner took action on March 2, 2006 seeking a TRO while this matter was pending. Even so, this Hearing Officer understands that the U.S. District Court obviously took jurisdiction over the case, otherwise it would not have entertained the arguments over the TRO resulting in what this Hearing Officer understands from Respondent's counsel's filing that the parties were ordered to participate in a resolution session meeting on March 14, 2006. Again, this Hearing Officer has not received any documentation of the Federal Court action or what may have happened at a March 14, 2006 meeting, if such in fact occurred.

9. In any event, it appears that this matter is now in the hands of the U.S. District Court and this Hearing Officer has no idea of the status of the matter. The action in the U.S. District Court could result in many courses of action, from granting Petitioner the relief she seeks or remanding the case back to the administrative process partially or for a full Due Process Hearing.

4

10.    In any event, unless otherwise directed by the Federal Judge presiding over the TRO, the Due Process Hearing scheduled for March 21, 2006 will not go forward, for the failure of Petitioner to participate in a resolution session and because of the pending action in the U.S. District Court.

**ORDER:**

1.    Respondent's Motion to Remove the Hearing from the Hearing Schedule is **GRANTED**; the Due Process Hearing scheduled in this case for March 21, 2006 is removed from the Student Hearing Office Hearing Schedule.

2.    **All timelines are suspended** as of the date of Petitioner's filing of the TRO in U.S. District Court until a final decision on the TRO is issued by said Court.

SIGNED: this date 3-16-06

Issue Date: 3/16/06

David R. Smith, Esq.
Impartial Special Education Hearing Officer

5