**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| ALICE PEAK, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-0373 (JGP) |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S ANSWER TO COMPLAINT**

Defendant District of Columbia, by counsel, here answers Plaintiff's Complaint as follows (paragraph numbers below correspond to the paragraph numbers in the Complaint):

1.      The allegations contained in paragraph 1 of the Complaint are characterizations of law and/or of the pleader to which no response is required.  If a response is required, then the same allegations are denied, except that Defendant admits the existence of the cited statutes.

2.      Defendant admits the existence of the statutes referenced in paragraph 2 of the Complaint.  The remaining allegations in paragraph 2 are conclusions of law and/or of the pleader to which no response is required.  If a response is required, they are denied.

3.      Defendant denies the allegations in the first sentence of paragraph 3 of the Complaint, and admits the allegations contained in the second sentence of paragraph 3 of the Complaint.

4.      Defendant admits the allegations in paragraph 4 of the Complaint.

5.      Defendant admits the allegations in paragraph 5 of the Complaint.

6.      Defendant admits the allegations in paragraph 6 of the Complaint.

7.      Defendant admits the allegations in paragraph 7 of the Complaint.

8.      Defendant admits the allegations contained in paragraph 8 of the Complaint.

9.      Defendant admits the allegations contained in paragraph 9 of the Complaint.

10.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 10 of the Complaint.

11.     Defendant denies the allegations contained in paragraph 11 of the Complaint.

12.     Defendant admits that an evaluation was completed in July 2004; the document referenced in paragraph 12 of the Complaint speaks for itself.

13.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 13 of the Complaint.

14.     Defendant admits that a social history was completed in July 2004; the document referenced in paragraph 14 of the Complaint speaks for itself.

15.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 15 of the Complaint.

16.     The allegations contained in paragraph 16 of the Complaint are conclusions of the pleader to which no response is required.  If a response is required, then the same allegations are denied, except that Defendant admits that M.P. was promoted to the third grade after the 2003-2004 school year.

17.     The allegations contained in paragraph 17 of the Complaint are conclusions of the pleader to which no response is required.  If a response is required, then the same allegations are admitted.

18.     Defendant admits the allegation contained in paragraph 18 of the Complaint.

19.     Defendant admits the allegation contained in paragraph 19 of the Complaint.

20.     Defendant denies the allegations contained in paragraph 20 of the Complaint.

21.     Defendant admits the allegation contain in paragraph 21 of the Complaint.

22.      Defendant denies the allegations contain in paragraph 22 of the Complaint.

23.     Defendant admits the allegation contain in paragraph 23 of the Complaint.

24.     Defendant admits that on January 17, 2006, DCPS convened an MDT meeting to review and revise M.P.'s IEP but denies the remaining allegations in paragraph 24 of the Complaint.

25.     Defendant admits that at the January 17, 2006 meeting, the MDT determined that M.P. needed a full-time therapeutic special education placement.

26.     Defendant admits the allegations contained in paragraph 26 of the Complaint.

27.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 27 of the Complaint.

28.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 28 of the Complaint.

29.     Defendant admits the allegations contained in paragraph 29 of the Complaint.

30.     The allegations contained in paragraph 30 of the Complaint are conclusions of the pleader to which no response is required.  If a response is required, then the same allegations are denied.

31.     Defendant denies the allegations contained in paragraph 31 of the Complaint.

32.     Defendant admits the allegations contained in paragraph 32 of the Complaint.

33.     The allegations contained in paragraph 33 of the Complaint are conclusions of the pleader to which no response is required.  If a response is required, then the same allegations are denied.

34.     The allegations contained in paragraph 34 of the Complaint are conclusions of the pleader to which no response is required.  If a response is required, then the same allegations are denied.

35.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 25 of the Complaint.

36.     Defendant admits the allegations contained in paragraph 36 of the Complaint.

37.     Defendant admits the allegations contained in paragraph 36 of the Complaint.

38.     The allegation contained in paragraph 38 of the complaint is a conclusion

of the pleader to which no response is required.  If a response is required, it is denied

39.     Defendant incorporates as though restated each of the answers stated in

paragraphs 1 through 38 above.

40.     The allegations contained in paragraph 40 of the Complaint are

characterizations of law and/or of the pleader to which no response is required.  If a

response is required, then the same allegations are denied, except that Defendant admits

the existence of the cited statute which speaks for itself.

41.     The allegations contained in paragraph 41 of the Complaint are

conclusions of law and or the pleader to which no response is required.  If a response is

required then the allegations are denied.

42.     The allegations contained in paragraph 42 of the Complaint are

conclusions of the pleader to which no response is required.  If a response is required,

then the allegations are denied.

43.     Defendant incorporates as though restated each of the answers stated in

paragraphs 1 through 42 above.

44.     The allegations contained in paragraph 44 of the Complaint are

characterizations of law and/or of the pleader to which no response is required.  If a

response is required, then the same allegations are denied, except that Defendant admits

the existence of the cited statute which speaks for itself.

45.     The allegations contained in paragraph 45 of the Complaint are

characterizations of law and/or of the pleader to which no response is required.  If a

response is required, then the same allegations are denied, except that Defendant admits the existence of the cited statute which speaks for itself.

46.    The allegations contained in paragraph 46 of the Complaint are characterizations of law and/or of the pleader to which no response is required.  If a response is required, then the same allegations are denied, except that Defendant admits the existence of the cited regulations which speak for themselves.

47.    The allegations contained in paragraph 47 of the Complaint are conclusions of the pleader to which no response is required.  If a response is required, then the allegations are denied, except that Defendant admits the existence of the cited regulations which speak for themselves.

48.    The allegations contained in paragraph 48 of the Complaint are conclusions of law and of the pleader to which no response is required.  If a response is required, then the allegations are denied, except that Defendant admits the existence of the cited statute which speaks for itself.

49.    The allegations contained in paragraph 49 of the Complaint are denied.

BY WAY OF FURTHER ANSWER, Defendant denies all allegations of wrong-doing not otherwise responded to or admitted.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Hearing Officer's Decision is supported by substantial evidence in the administrative record and should be affirmed.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust her administrative remedies.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General of the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

**/s/ Carol E. Burroughs**
CAROL E. BURROUGHS [#415432]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6520
Fax: 202-727-0431
**June 1, 2006**                  mail: Carol. Burroughs@dc.gov